(988 P.2d 285)

No. 82,875

STATE OF KANSAS, *Appellant,* v. DEBRA BICKERSTAFF, *Appellee.*

Opinion filed August 27, 1999.

*Leo T. Gensweider,* county attorney, and *Carla J. Stovall,* attorney general, for appellant.

*Norman G. Manley,* of Davis & Manley, of El Dorado, for appellee.

Before LEWIS, P.J., WAHL, S.J., and ROBERT W. FAIRCHILD, District Judge, assigned.

WAHL, J.: This is an interlocutory appeal by which the State appeals the district court's suppression of drugs and contraband taken from Debra Bickerstaff's vehicle during a warrantless search. We reverse.

After stopping Bickerstaff for speeding, Officer Dillow smelled the odor of alcohol emanating from inside her vehicle. He also smelled the odor of alcohol on Bickerstaff. Dillow conducted two field sobriety tests and a breath test on Bickerstaff. The test results convinced Dillow that Bickerstaff had alcohol in her system but that she was not impaired. Bickerstaff consistently denied she had been drinking at all and did not consent to any search of her car. Based on these facts, Dillow searched the interior of the car. He found an open mug containing an alcoholic drink, a closed container containing more of the drink, marijuana, methamphetamine, and drug paraphernalia. Bickerstaff was charged with possession of the drugs and paraphernalia. She moved to suppress the contraband as evidence. The trial court granted her motion, holding the odor of alcohol did not, by itself, provide probable cause to

search the interior of the vehicle for an open container. The State appeals.

When analyzing a district court's decision on the suppression of evidence, we review the court's findings of facts based on a substantial competent evidence standard of review. See *State v. Hopper*, 260 Kan. 66, 68, 917 P.2d 872 (1996). The legal significance of those facts, *i.e.*, whether probable cause existed to search, is a question of law, and we review de novo. See 260 Kan. at 68-69. In this case, the entire stop was videotaped and the material facts are undisputed. The question is whether the cumulative concurrence of the odor of alcohol emanating from a motorist, the odor of alcohol inside the vehicle, a subimpairment level of alcohol in the motorist's system, and the repeated denial by the motorist that she consumed any alcohol provides probable cause to search the interior of the vehicle without a warrant.

An officer may search a vehicle's interior without a warrant when he or she has probable cause to believe evidence of a crime is contained within it. *State v. Campbell*, 24 Kan. App. 2d 553, 555, 948 P.2d 684, *rev. denied* 263 Kan. 887 (1997). When conducting a traffic stop, if the officer fails to gather information that would support a search, the motorist must be allowed to depart within a reasonable time. See *State v. DeMarco*, 263 Kan. 727, 734, 952 P.2d 1276 (1998).

We hold Officer Dillow had probable cause to search Bickerstaff's vehicle for an open container. The odor of alcohol emanating from Bickerstaff's person, the odor of alcohol in her car, the breath test showing alcohol in her system, coupled with Bickerstaff's repeated denial that she had drunk anything alcoholic, all combined to give Officer Dillow probable cause to believe an open container was in Bickerstaff's vehicle and to conduct a warrantless search of the car.

In *State v. MacDonald*, 253 Kan. 320, 324-26, 856 P.2d 116 (1993), the court held that in the context of a sobriety checkpoint stop, an officer detecting the odor of burned marijuana emanating from the interior of the vehicle could search for drugs and contraband.

We have not been cited to any Kansas case directly dealing with the odor of alcohol as the basis for probable cause to search a vehicle nor has our research produced one. Other jurisdictions have held the odor of alcohol will provide probable cause to search for an open container. *State v. Schinzing*, 342 N.W.2d 105, 109 (Minn. 1983); *State v. Peterson*, 407 N.W.2d 221, 223-24 (S.D. 1987).

We need not determine at what point the cumulative facts would have been inadequate to justify the vehicle search, but with the facts before us, we have no difficulty in finding the officer had probable cause to search the vehicle for an open container.

Reversed.