(262 P.3d 689)

No. 104,115

STATE OF KANSAS, *Appellee*, v. ROBERT STEVENSON, *Appellant*.

Opin-
ion filed September 16, 2011.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ARNOLD-BURGER, J., and BUKATY, S.J.

ARNOLD-BURGER, J.: Robert Stevenson argues that the strong odor of alcohol coming from the interior of his vehicle is not sufficient probable cause to justify a search of his vehicle. We disagree and affirm the district court's denial of his motion to suppress.

## FACTUAL AND PROCEDURAL HISTORY

The facts in this case are not in dispute.

Detective Jon Gill and Deputy Justin Crafton of the Sedgwick County Sheriff's Department stopped a vehicle driven by Stevenson for failing to signal the intent to turn within the appropriate distance. Gill approached the passenger side of the vehicle while Crafton approached the driver's side. Stevenson was the sole occupant. Crafton immediately detected an "extremely strong odor" of alcohol coming from the vehicle. Gill also detected a "very strong odor" of alcohol coming from inside the vehicle. The officers both testified that they believed the odor was much stronger than would typically be the case if the driver had been drinking. It was more

like an open container of alcohol had spilled in the vehicle. Crafton had Stevenson exit and move to the back of the vehicle where he asked Stevenson to perform preliminary field sobriety tests. Neither Crafton nor Gill noted whether Stevenson had an odor of alcohol on his breath or person, but they both testified that a very strong odor of alcohol remained in the vehicle once Stevenson stepped out. The officers determined that Stevenson was not under the influence of alcohol. There was no testimony regarding any indicia of intoxication or consumption of alcohol by Stevenson.

Based on their belief that the odor indicated an open container in the vehicle, Crafton searched the vehicle. He did not ask Stevenson for consent. Crafton ultimately located the source of the alcohol odor—a large bottle of wine in the backseat of the vehicle that had leaked a large quantity of red wine onto the floorboard behind the driver's seat. The bottle had a cap or lid, but the seal had been broken. The bottle was approximately half empty. He also discovered two pipes with methamphetamine residue and digital scales in the center console. Based on this discovery, Stevenson was arrested. Gill searched Stevenson pursuant to the arrest and found methamphetamine in Stevenson's wallet.

The State charged Stevenson with one count of possession of methamphetamine based on the methamphetamine found in his wallet. Stevenson filed a motion to suppress, arguing the odor of alcohol alone was insufficient to conduct a warrantless search of his vehicle. After hearing evidence, the district court denied the motion. The district court determined the stop was legal and the odor of alcohol coming from the vehicle provided probable cause to search the vehicle for an open container violation. The court further found Stevenson was legally searched incident to arrest after drug paraphernalia was found in the vehicle.

Stevenson was convicted of possession of methamphetamine at a bench trial on stipulated facts. After a properly preserved objection to the denial of his motion to suppress, Stevenson appeals.

## ISSUE

The only issue on appeal is whether, following a traffic stop, the

very strong odor of alcohol emanating from inside a vehicle, when the sole occupant of the vehicle has been excluded as the source of the odor, constitutes probable cause to search the vehicle for open containers of alcohol.

## STANDARD OF REVIEW

When the facts material to the district court's decision on a motion to suppress are undisputed, the question of whether to suppress is question of law over which an appellate court has unlimited review. *State v. Fitzgerald*, 286 Kan. 1124, 1126, 192 P.3d 171 (2008). Whether probable cause existed to conduct a warrantless search of a vehicle is a question of law, and review is de novo. *State v. Bickerstaff*, 26 Kan. App. 2d 423, 424, 988 P.2d 285, *rev. denied* 268 Kan. 889 (1999).

## ANALYSIS

The Fourth Amendment to the United States Constitution and Section 15 of the Kansas Constitution Bill of Rights protect the public from warrantless searches by the government. A warrantless search violates the Fourth Amendment unless a recognized exception applies. One of the long-accepted exceptions to the search warrant requirement is the combination of probable cause plus exigent circumstances. *Fitzgerald*, 286 Kan. at 1126-27.

A vehicle's mobility provides the exigency half of this requirement. See *State v. Davis*, 31 Kan. App. 2d 1078, 1084, 78 P.3d 474 (2003), *rev. denied* 277 Kan. 925 (2004) (" 'Probable cause to search a vehicle is established if, under the "totality of the circumstances" there is a "fair probability" that the car contains contraband or evidence.' [Citation omitted.]").

The issue of whether the mere odor of alcohol in a vehicle equates to probable cause to search the vehicle was addressed by another panel of this court under similar facts in *Bickerstaff*, 26 Kan. App. 2d at 424-25. Bickerstaff was stopped for speeding. The officer smelled the odor of alcohol in the car and on Bickerstaff. Bickerstaff passed the field sobriety tests and denied she had been drinking. She refused to consent to a search of her car. Based on the odor emanating from inside the vehicle, the officer searched

the interior of the vehicle and found an open mug containing an alcoholic drink, a closed container of alcohol, and an assortment of marijuana, methamphetamine, and drug paraphernalia. The district court found that the odor of alcohol did not, by itself, provide probable cause to search the vehicle. The State appealed. This court reversed and found that the odor on Bickerstaff's person, a breath test showing alcohol in her system, her denial that she had been drinking, and the odor from the car all combined to give the officer probable cause to believe that an open container was in her car. The panel declined to determine at what point the cumulative facts would have been inadequate to justify the search, simply finding on the facts presented the officer had probable cause to believe there was an open container of alcohol in the vehicle. 26 Kan. App. 2d at 425.

Stevenson argues that this case can be distinguished from *Bickerstaff* because the additional factors cited by the *Bickerstaff* panel, odor of alcohol on Bickerstaff, and the denial of consumption of alcohol coupled with a breath test that indicated she had alcohol in her system, amounted to more evidence than simply the odor of alcohol in the car that the officers had in this case. Stevenson contends his case is more akin to *State v. Ibarra*, 282 Kan. 530, 543, 147 P.3d 842 (2006), where the Supreme Court held the smell of a legal substance emanating from a vehicle, in that case ether, can be as consistent with lawful activity as it is with criminal activity and will not support probable cause. Thus, Stevenson maintains the odor of alcohol did not provide the officer with probable cause to conduct a warrantless search of his vehicle. He contends that while it may be illegal to transport an open container of alcoholic beverage in a vehicle under K.S.A. 2008 Supp. 8-1599(b), it is not illegal to spill alcohol in one's vehicle.

In *Ibarra* the Supreme Court held the smell of ether, a legal substance, may warrant further investigation during a vehicle stop, but the odor alone would not support probable cause to conduct a warrantless search. 282 Kan. at 543. The Supreme Court discussed *Bickerstaff* and noted that the Court of Appeals upheld the warrantless search of a vehicle for an open container based on the odor of alcohol. However, the Supreme Court stressed it was the

odor of alcohol from the driver's person and car and a breath-alcohol test showing the driver had alcohol in her system, *coupled with* her denial of drinking, that provided the officer with probable cause to conduct the warrantless search of her car. 282 Kan. at 538. The court pointed out that "[w]e have not found and the parties have not cited a single case in which the odor of ether or other legal substance alone justified a search." 282 Kan. at 543.

Finally, one other Kansas case has addressed this issue, *State v. Carson*, No. 101,242, 2009 WL 1591933 (Kan. App. 2009) (unpublished opinion). Carson was stopped for having an inoperable headlight. The officer detected an odor of alcohol coming from Carson's person and noticed he had bloodshot eyes. Carson admitted consuming alcohol. Once Carson exited the vehicle, the officer could no longer distinguish whether the odor of alcohol was coming from inside the car or from Carson. Carson passed all the field sobriety tests. Before returning Carson's driver's license to him, the officer asked for consent to search Carson's car. Carson agreed. When the officer returned to Carson's vehicle, he smelled a very faint odor of alcohol. His search did not turn up any containers of alcohol, but it did uncover a bag of marijuana.

After finding that Carson's consent was not voluntary, the *Carson* panel found that the officer also lacked probable cause to search the vehicle for an open container of alcohol. The panel distinguished *Bickerstaff* noting that, prior to the search, the officer could not determine if there was any odor of alcohol coming from Carson's car. In addition it noted that Bickerstaff denied she had been drinking, which supported the officer's belief the odor was coming from the vehicle. Carson admitted he had a couple of drinks, thus there was less reason to believe the odor was coming from an open container in the vehicle as opposed to Carson himself. Finally, the officer testified he had no reason to suspect any illegal activity once Carson passed the field sobriety tests. *Carson*, 2009 WL 1591933, at *4.

Although our Supreme Court has not had an opportunity to directly address similar facts to those here, the Idaho Court of Appeals was faced with almost identical facts in *State v. Wigginton*, 142 Idaho 180, 125 P.3d 536 (Ct. App. 2005), *rev. denied* Decem-

ber 23, 2005. In *Wigginton*, the officer stopped a vehicle suspecting the driver was under the influence. The officer noted the driver's eyes were bloodshot, and there was an "overwhelming" odor of alcohol coming from inside the vehicle. Both Wigginton and his passenger denied drinking alcohol. The passenger explained someone previously spilled beer on the floorboard. Wigginton passed the field sobriety tests, and the officer concluded he was not driving while impaired. Nevertheless, the officer informed Wigginton his vehicle was going to be searched for an open container because of the strong alcohol odor coming from inside the vehicle. The *Wigginton* court held the facts known to the officers provided probable cause to search for an open container offense. The court noted the odor of alcohol was not merely noticeable; it was "overwhelming." Further, Wigginton's and his passenger's denial of any previous alcohol consumption indicated the source of the odor had to be something within the vehicle. Wigginton's satisfactory performance on sobriety tests did not dispel the possibility of an open container violation. The court concluded, despite the plausible explanation for the alcohol odor, the odor of alcohol "and additional information pointed to the likelihood of an open container in the vehicle." The court clarified "[w]e do not hold that an odor of alcohol that may be coming from occupants rather than from something else within the vehicle alone is sufficient to justify a search under the automobile exception." 142 Idaho at 183.

Returning to the facts of this case, if officers possessed probable cause to believe that Stevenson's vehicle contained an open container in violation of K.S.A. 2008 Supp. 8-1599(b), then the warrantless search was permissible. "Probable cause exists when the facts and circumstances within a law enforcement officer's knowledge and about which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Fitzgerald*, 286 Kan. at 1128. In considering the totality of the circumstances, an appellate court examines all of the information in the officer's possession, including fair inferences therefrom, and any other relevant facts. 286 Kan. at 1128.

Once Stevenson was removed from the car and it was determined that he was not intoxicated, the clear source of the "very strong" odor of alcohol was the interior of the car. In fact, it was so strong the officers immediately associated the odor with an open container that had spilled in the vehicle, certainly a fair inference. If the alcohol was being transported legally in an unopened container, it would not have a detectable odor. It was reasonable for the officers to act on their suspicions, rather than ignore evidence which signals a crime. See *State v. McDonald*, 253 Kan. 320, 325, 856 P.2d 116 (1993) (odor of burning marijuana is sufficient by itself to establish probable cause to search a vehicle); *State v. Goff*, 44 Kan. App. 2d 536, 540, 239 P.3d 467 (2010), petition for review pending (odor of raw marijuana is sufficient by itself to establish probable cause to search a vehicle).

Under the totality of the circumstances, we find that under the facts of this case, the *very strong* odor of alcohol emanating from inside the vehicle, when the sole occupant of the vehicle had been excluded as the source of the odor, constituted probable cause to search the vehicle for open containers of alcohol.

Finally, even if there was probable cause, Stevenson claims there were no exigent circumstances. He asserts his situation is similar to *Arizona v. Gant*, 556 U.S. 322, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009). Stevenson interprets *Gant* as prohibiting the warrantless search of his vehicle after he was removed from the vehicle. He essentially argues that because the vehicle was stopped and he was outside the vehicle during the search, the automobile exception doctrine no longer applies.

*Gant* has no application to this case. *Gant*, and the Kansas Supreme Court's recognition of that holding in *State v. Henning*, 289 Kan. 136, 209 P.3d 711 (2009), did not change the automobile exception doctrine. The decision in *Gant* was based on a challenge to the scope of an automobile search conducted incident to an arrest. In this case, Stevenson's car was searched without a warrant under the automobile exception doctrine and searched on the basis of probable cause *before* he was arrested. As our Supreme Court held in *Ibarra*,

"[t]he State must show probable cause exists whether the search is of an automobile or a residence, *and if it does, then a search warrant is not required to search an automobile.* The controlling factor in the present case is not whether exigent circumstances existed but rather whether probable cause existed to search Ibarra's automobile." (Emphasis added.) 282 Kan. at 553.

Therefore, the district court did not err in denying Stevenson's motion to suppress the evidence obtained from the search of his car.

Affirmed.

* * *

BUSER, J., dissenting: I dissent from my colleagues' holding because no Kansas appellate court previously has held the odor of a legal substance may provide the sole basis to justify a warrantless search of an automobile based upon probable cause to believe the vehicle contained contraband or evidence of a crime. Based upon my reading of *State v. Ibarra*, 282 Kan. 530, 147 P.3d 842 (2006), and its interpretation of *State v. Bickerstaff*, 26 Kan. App. 2d 423, 988 P.2d 285, *rev. denied* 268 Kan. 889 (1999), I would find the very strong odor of alcohol emanating from Stevenson's vehicle, without incriminating facts or circumstances, did not justify the warrantless search of the automobile to search for an open container of alcohol.

In *Ibarra*, the Supreme Court was presented for the first time with the question of "whether the strong odor of ether emanating from a vehicle can constitute probable cause to search." 282 Kan. at 537. Surveying the legal landscape, the *Ibarra* court observed: "We have not found and the parties have not cited a single case in which the odor of ether *or other legal substance* alone justified a search." (Emphasis added.) 282 Kan. at 543. Of course, while ether is used in the manufacture of methamphetamine, a controlled substance, the possession of ether is not illegal and "[t]he strong odor of ether emanating from a house or vehicle is as consistent with lawful activity as it is with criminal activity." 282 Kan. at 543. Our Supreme Court concluded, "the smell of ether alone is justification for further investigation but not for a search." 282 Kan. at 543.

In arriving at its holding, the *Ibarra* court clearly read *Bickerstaff* to stand for the proposition that the odor of alcohol, another legal substance, was not the sole basis to justify that particular vehicle search. On the contrary, through the judicious use of italics, our Supreme Court communicated that several other factors also comprised the totality of the circumstances which resulted in the probable cause finding:

"The Court of Appeals concluded that the odor of alcohol from the person and her car *and* the breath test showing she had alcohol in her system *coupled with* her denial of drinking provided the officer with probable cause to conduct a warrantless search of the vehicle for an open container. [Citation omitted.]" 282 Kan. at 538.

It is noteworthy that even the lone dissenter in *Ibarra*, Senior Judge Edward Larson, agreed with the majority's reading of *Bickerstaff*: "There is no 'standing alone' statement in *Bickerstaff*. The result clearly was not limited to the smell of alcohol." 282 Kan. at 558 (Larson, J., dissenting).

In fact, the Court of Appeals in *Bickerstaff* underscored that the odor of alcohol emanating from the vehicle was not the sole basis to justify probable cause to believe the vehicle had an open container when it referenced the "cumulative concurrence" of four separate factors—including the odor of alcohol—which justified the warrantless search of the vehicle. 26 Kan. App. 2d at 424. Finally, if there was any residual doubt, our court set forth in the syllabus the following rule of law: "The odor of alcohol emanating from a vehicle stopped for a traffic violation, *when coupled with other facts and circumstances as stated in the opinion,* is sufficient to give an officer probable cause to conduct a warrantless search of the vehicle for an open container." (Emphasis added.) 26 Kan. App. 2d 423, Syl.

Given the lack of precedent in Kansas to support the proposition that the very strong odor of alcohol emanating from a car may provide the sole basis to justify a probable cause finding, my colleagues cite an Idaho Court of Appeals case, *State v. Wigginton,* 142 Idaho 180, 125 P.3d 526 (Ct. App. 2005), *rev. denied* December 23, 2005, for support. I question, however, whether the law and facts of *Wigginton* actually bolster the majority's holding.

At the outset, *Wigginton* does not stand for the legal proposition that the very strong odor of alcohol emanating from a vehicle may provide the sole basis to justify a finding of probable cause. As quoted by my colleagues, the Idaho court held the odor from the vehicle " '*and additional information* pointed to the likelihood of an open container in the vehicle.' " (Emphasis added.) *Stevenson*, 46 Kan. App. 2d at 479. What was "the additional information" available to the law enforcement officers in *Wigginton* prior to their search for an open container of alcohol?

First, in contrast to the present case, the officers in *Wigginton* had a reasonable belief the driver was under the influence of alcohol. In fact, the legal basis for stopping Wigginton's vehicle was the trooper's determination that the driver was under the influence. This belief—which was not challenged on appeal—was based on the trooper observing the vehicle "cross over the highway centerline about three times. He also noticed that on straight stretches of the road, the vehicle's brake lights would come on for no apparent reason." 142 Idaho at 181. Upon stopping the vehicle, the trooper noticed that Wigginton's eyes were "bloodshot." 142 Idaho at 181. All of these factors are also well established indicators under Kansas law that a driver is under the influence of alcohol. See *City of Dodge City v. Norton*, 262 Kan. 199, 205, 936 P.2d 1356 (1997). And, in contrast to *Wigginton*, none of these indicators of alcohol use were existent in the present case.

Second, although Wigginton's driving behavior and personal appearance suggested recent consumption of alcoholic beverages, and there was "an overwhelming odor of alcohol coming from inside the vehicle," Wigginton and his passenger denied drinking any alcohol that evening. 142 Idaho at 181. Under these circumstances, a law enforcement officer could have a reasonable belief that the driver was dishonest and the vehicle contained evidence of alcohol consumption. In the present case, on the other hand, Stevenson did not appear intoxicated and did not have an odor of alcohol on his breath or person. Moreover, the record is bereft of any statements attributed to Stevenson admitting or denying whether he consumed alcohol before the vehicle stop.

Third, in *Wigginton*, the passenger confirmed the trooper's suspicion that a strong odor of alcohol was coming from inside the vehicle by advising him "that someone had previously spilled beer on the vehicle's floorboard and that the odor was enhanced whenever the heater was running." 42 Idaho at 181. Although the passenger asserted this spill from an open container of alcohol was not recent, the Idaho court based its probable cause finding, in part, on the fact that Wigginton had struck a rock which flattened his front tire while stopping his vehicle at the direction of the officer. According to the court, these facts "suggested a possibility that alcohol could have spilled from a container during that abrupt stop." 42 Idaho at 183. In contrast, in *Stevenson*, there was no such evidence presented at the suppression hearing leading to the inference that an open container of alcohol had just spilled or was even inside Stevenson's vehicle.

In summary, *Wigginton* does not support the legal proposition posited by the majority. On the contrary, *Wigginton* is consonant with both *Ibarra* and *Bickerstaff*'s precedent that the odor of alcohol emanating from a vehicle, *together with incriminating facts and circumstances*, may justify a warrantless search of an automobile based upon probable cause to believe the vehicle contained an open container of alcohol. See also *State v. Fisher*, 283 Kan. 272, Syl. ¶ 13, 154 P.3d 455 (2007) ("Although the smell of ether alone cannot establish probable cause, it may be considered with other evidence in the totality of the circumstances for determining whether probable cause exists to issue a search warrant."); *State v. Moore*, 283 Kan. 344, 358, 154 P.3d 1 (2007) (Because the odor of masking agents may indicate a legitimate or criminal purpose "[t]he weight assigned to the odor . . . varies with the circumstances. [Citation omitted.]").

Using *Bickerstaff* as a guide to the analysis of the present case, I would find there was substantial competent evidence to show that a very strong odor of an alcoholic beverage was emanating from inside Stevenson's automobile. Alcoholic beverages, however, are legal substances which are the subject of numerous regulations and traffic violations. In order to analyze whether probable cause existed to search Stevenson's automobile for contraband or evi-

dence of a crime, it is necessary to set forth the relevant statutory language pertaining to the crime of transportation of liquor in an open container.

K.S.A. 2008 Supp. 8-1599(b) provides in part:

"No person shall transport in any vehicle upon a highway or street any alcoholic beverage unless such beverage is:

(1) In the original unopened package or container, the seal of which has not been broken and from which the original cap, cork or other means of closure has not been removed;

(2)(A) in the locked rear trunk or rear compartment, or any locked outside compartment which is not accessible to any person in the vehicle while it is in motion; or

(B) if a motor vehicle is not equipped with a trunk, behind the last upright seat or in an area not normally occupied by the driver or a passenger; or

(3) in the exclusive possession of a passenger in a . . . recreational vehicle, . . . who is not in the driving compartment of such vehicle or who is in a portion of such vehicle from which the driver is not directly accessible."

Depending on the particular vehicle, the container, the container's contents, whether the container is open, and where the container is located in the vehicle determine whether there is a violation of K.S.A. 2008 Supp. 8-1599. Clearly, the plain language of the statute allows exceptions to the general rule that no person shall transport any alcoholic beverage in a vehicle. These exceptions include the lawful transportation of open containers behind the last upright seat in a vehicle without a trunk or inside a vehicle's trunk. Given these particular exceptions and the fact that the odor of alcohol is amorphous, mobile, and, as a result, not necessarily attributable to a particular source or location within a vehicle, the very strong odor of alcohol emanating from inside a vehicle may or may not indicate a violation of K.S.A. 2008 Supp. 8-1599.

In the present case, the very strong odor of alcohol justified the officers' brief extension of the traffic stop to investigate whether Stevenson was in violation of K.S.A. 2008 Supp. 8-1599 and K.S.A. 2008 Supp. 8-1567 (driving under the influence of alcohol). See *State v. Thompson*, 284 Kan. 763, Syl. ¶ 8, 166 P.3d 1015 (2007) (At the end of a traffic stop the driver must be allowed to proceed without further delay or questioning unless "during the traffic stop the officer gains a reasonable and articulable suspicion that the

driver is engaged in illegal activity."). This investigation could have included questions regarding the source of the odor or whether Stevenson had recently consumed alcoholic beverages. See *State v. Morlock*, 289 Kan. 980, Syl. ¶ 5, 218 P.3d 801 (2009) ("When the responses of the detainee and the circumstances give rise to suspicions unrelated to the traffic offense, an officer may broaden the inquiry and satisfy those suspicions, graduating his or her responses to the demands of the situation.").

Other than the potentially incriminating odor of alcohol emanating from inside Stevenson's automobile, the officers' investigation did not establish any additional information leading to probable cause to search for an open container. On the contrary, Stevenson did not appear under the influence of alcohol, his driving did not suggest alcohol impairment, and the testing conducted by the officers confirmed he was not intoxicated. Inexplicably, there was no evidence presented at the suppression hearing regarding whether Stevenson was asked about the origin of the odor or his recent consumption of alcoholic beverages.

Moreover, there was no testimony that any officer standing outside the automobile simply looked inside the vehicle to see if there was an open container. This last omission is especially disconcerting because, as my colleagues note, the search of the vehicle revealed "a large bottle of wine in the backseat of the vehicle that had leaked a large quantity of red wine onto the floorboard behind the driver's seat." 46 Kan. App. 2d at 475. It is an understatement to note this incriminating evidence should have been visible to the officers upon looking through the vehicle's windows. Regardless of the reason, no such incriminating evidence was presented by the State at the suppression hearing in support of this warrantless vehicle search. And the State bore the burden to demonstrate that the challenged search and seizure was lawful. *Morlock*, 289 Kan. 980, Syl. ¶ 1.

Finally, the majority reasons that "[o]nce Stephenson was removed from the car and it was determined that he was *not* intoxicated, the clear source of the 'very strong' odor of alcohol was the interior of the car." (Emphasis added.) 46 Kan. App. 2d at 480. While true, as discussed earlier, the odor of alcohol emanating from

a vehicle is not necessarily indicative of a violation of K.S.A. 2008 Supp. 8-1599.

Following the analysis in *Bickerstaff*, I would argue that Stevenson's apparent sobriety, if anything, lessened the likelihood of finding an open container in his automobile. *Bickerstaff* stands for the proposition that evidence of a driver's intoxication coupled with a very strong smell of alcohol coming from the vehicle is an important factor leading to the probable cause determination. This precedent reflects the anecdotal evidence found in numerous Kansas cases where individuals were arrested for driving under the influence of alcohol and open containers of alcoholic beverages were found inside the vehicles. See *State v. McGinnis*, 290 Kan. 547, 550, 233 P.3d 246 (2010) (defendant arrested for DUI and an open container found in the vehicle); *Kempke v. Kansas Dept. of Revenue*, 281 Kan. 770, 772, 133 P.3d 104 (2006) (defendant arrested for DUI and a cold, partially consumed beer can and open bottle of whiskey found inside the vehicle.); *State v. Hamman*, 273 Kan. 89, 91, 41 P.3d 809 (2002) (defendant arrested for DUI and an open container of beer found in the console of the vehicle).

In conclusion, I would find the law enforcement officers did not have probable cause to conduct a warrantless search of Stevenson's automobile for evidence of an open container of alcohol. Accordingly, I would reverse and remand with directions to grant the motion to suppress evidence.