(196 P.3d 407)
No. 98,876

STATE OF KANSAS, *Appellee*, v. MELVIN L. KIRK, *Appellant*.

Opinion filed November 21, 2008.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Ty Kaufman*, county attorney, and *Stephen N. Six*, attorney general, for appellee.

Before CAPLINGER, P.J., LEBEN, J., and BUKATY, S.J.

LEBEN, J.: Melvin L. Kirk drove a vehicle with windows tinted darker than allowed by Kansas law. A highway patrol trooper stopped Kirk's vehicle to perform a glass-transparency test that revealed Kirk's windows had a transparency of only 4%, far below the minimum legal transparency of 35%. While investigating the window tint, Kirk smelled marijuana and air fresheners from within the car. Based on that, he detained Kirk until a drug-dog could check further. Contraband was found, and Kirk was convicted of possession of cocaine with intent to distribute as a third offense and possession of marijuana with intent to distribute.

Kirk now appeals the district court's denial of his motion to suppress the contraband found in his vehicle. Kirk first contends that the officer didn't have reasonable suspicion of illegal conduct to stop him or probable cause that a crime had been committed that would authorize searching the vehicle. But it is illegal to drive a car in Kansas with nearly opaque windows, and the district court found that the trooper had a valid basis to stop the vehicle. The

district court also found that the trooper had probable cause to search the vehicle based upon the smell of marijuana. The evidence factually supports the district court's conclusions on both points; they're also legally correct.

Kirk separately argues that his sentence for possession of cocaine with intent to distribute or sell was wrongly treated as a third conviction; he argues that his 1977 conviction for mere possession of cocaine should not have counted as a prior offense. In 1977, both possession and possession with intent to sell or distribute were together in a single statute so that simple possession was a prior offense for a later possession with intent to sell conviction and vice versa. But the legislature separated the offenses into different statutory sections in 1994—and the legislature provided in each of these distinct statutes that prior offenses must be "under this section" to count. Kirk is thus correct that his 1977 possession conviction does not count as a prior offense under the present statute for possession with intent to sell or distribute.

I. *The District Court Properly Denied Kirk's Motion to Suppress Evidence Because the Trooper Had a Reasonable Suspicion That Kirk's Windows Were Illegally Tinted and Probable Cause to Search the Vehicle Based Upon the Odor of Marijuana.*

A law-enforcement officer must have a reasonable suspicion that a law is being violated to stop a vehicle, and that suspicion must be based upon articulable facts. K.S.A. 22-2402; *State v. Kotas*, 35 Kan. App. 2d 769, 773-74, 134 P.3d 677 (2006). On a defense motion to suppress evidence, the State has the burden of proof to show that the search or seizure was lawful. *State v. Ibarra*, 282 Kan. 530, 533, 147 P.3d 842 (2006). On appeal, though, we must accept the factual findings of the district judge when substantial evidence supports them. We then review the ultimate legal conclusion drawn from those facts de novo, which means that we are not required to give deference to the legal conclusions of the trial judge. *State v. Hill*, 281 Kan. 136, 140, 130 P.3d 1 (2006).

Kirk argues that the State didn't present evidence that the trooper had received special training in detection of window-tint violations. Thus, Kirk contends that the officer had no reliable basis

upon which to form reasonable suspicion of violation of the window-tinting statute, K.S.A. 8-1749a. The trooper who stopped Kirk did testify that his suspicion was "based upon training and experience in enforcing [the window-tint law.]"

We judge an officer's conduct in forming reasonable suspicion "in light of common sense and ordinary human experience." *State v. Toothman*, 267 Kan. 412, Syl. ¶ 4, 985 P.2d 701 (1999). There's a substantial difference between windows that are only 4% transparent and ones that are at the legal minimum transparency of 35%. The district court accepted the trooper's testimony; we find the evidence was sufficient to show reasonable suspicion of a violation of the window-tint statute. As an Ohio court properly noted, "Neither the concepts of probable cause nor 'articulable suspicion' would require that an officer have tint meter readings before making a stop for a window tint violation." *State v. Polk*, 2008 WL 186660, at *3, ¶¶ 18-19 (Ohio App. 2008) (unpublished opinion) (quoting and approving statement of trial judge); see also *United States v. Leal*, 235 Fed. Appx. 937, 938-39 (3d Cir. 2007) (unpublished opinion) (upholding traffic stop based solely on officer's observation of apparent violation of window-tint law).

We note that the officer had reasonable suspicion of another potential traffic-law violation: failure to maintain a single lane as required by K.S.A. 8-1522(a). The trooper observed Kirk's vehicle drift over the white fog line and briefly travel with two wheels on the gravel outside the traffic lane. That appears to violate K.S.A. 8-1522(a), which requires that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane . . . ." We recognize, however, that a panel of our court has determined that K.S.A. 8-1522(a) is only violated when a vehicle leaves the lane of traffic at a time when that move "cannot be made with safety." *State v. Ross*, 37 Kan. App. 2d 126, Syl. ¶¶ 7-8, 149 P.3d 876 (2007), *rev. denied* 284 Kan. 950 (2007). Another panel of our court has rejected that view and concluded that K.S.A. 8-1522(a) only allows a driver to leave the lane of travel "due to special circumstances such as weather conditions or an obstacle in the road." *State v. Marx*, 38 Kan. App. 2d 598, 608, 171 P.3d 276 (2007), *rev. granted* April 23, 2008. We find that it is unnecessary in this case to choose between

the views of the panels in *Ross* and *Marx* because the officer had reasonable grounds to stop Kirk's vehicle based solely on reasonable suspicion of violation of the window-tint statute.

The district court based its finding that the trooper had probable cause to hold Kirk for the drug dog—and ultimately to search the vehicle—on the officer's detection of the odor of marijuana coming from the vehicle. The Kansas Supreme Court has held that the odor of marijuana coming from a vehicle, when detected by an experienced law-enforcement officer, can provide probable cause to search the passenger compartment of that vehicle. *State v. MacDonald*, 253 Kan. 320, 325, 856 P.2d 116 (1993); see also *State v. Dixon*, No. 98,881, unpublished opinion filed April 18, 2008, *rev. denied* 286 Kan. 1181 (2008) (reversing district court's order suppressing evidence and finding that experienced officer's detection of odor of raw marijuana coming from car was sufficient basis for probable cause to search vehicle); *State v. Delgado*, 36 Kan. App. 2d 653, 658-59, 143 P.3d 681 (2006), *rev. denied* 283 Kan. 932 (2007) (finding that officer's detection of odor of marijuana coming from vehicle by itself provided probable cause to search passenger compartment).

Kirk challenges the trooper's experience in detecting marijuana odors and notes some inconsistencies in the trooper's testimony about whether he smelled fresh or burnt marijuana. The trooper testified that he had training and experience in detecting marijuana odors. The district court made the factual finding that he did smell marijuana odor coming from the vehicle, a finding that the trooper's testimony certainly supports. Based on the district court's factual finding and the holding of *MacDonald*, the district court properly found that the trooper had probable cause to believe that drug laws had been violated, thus justifying a search of the vehicle's passenger compartment.

II. *Kirk's 1977 Conviction Under a Prior Statute for Possession of Cocaine Cannot Be Used to Enhance His Sentence for Conviction of Possession of Cocaine with Intent to Sell or Distribute Under K.S.A. 65-4161(c).*

Kirk raised one other argument on appeal. He claims that his 1977 conviction for possession of cocaine under K.S.A. 1973 Supp. 65-4127a should not have been counted as a prior conviction under K.S.A. 65-4161(c).

In 1977, possession of cocaine violated K.S.A. 1973 Supp. 65-4127a, which made it illegal either to possess various narcotic drugs or to possess them with the intent to sell or distribute. In 1994, that statute was replaced with separate statutes for possession, K.S.A. 65-4160, and possession with intent to sell, K.S.A. 65-4161. Kirk's present conviction is for violation of K.S.A. 65-4161(c), which provides for enhanced penalties if the violator "has two or more prior convictions *under this section* or substantially similar offenses under the laws of another jurisdiction." (Emphasis added.)

Kirk argues that a conviction may not be counted under K.S.A. 65-4161 as one "under this section" unless it was for possession with intent to sell, not mere possession. The record indicates—and both parties agree—that Kirk's 1977 conviction was just for possession. Kirk notes that a panel of this court has previously ruled that a conviction for possession of cocaine with intent to sell under K.S.A. 65-4161 may not be used to enhance a sentence for possession of cocaine in violation of K.S.A. 65-4160. *State v. Daniels*, 28 Kan. App. 2d 364, 17 P.3d 373 (2000). At the time *Daniels* was decided, K.S.A. 65-4160(b), like K.S.A. 65-4161(c), provided enhanced penalties if the person had a prior conviction "under this section." *Daniels* held that a conviction under K.S.A. 65-4161 was not "under this section" for purposes of K.S.A. 65-4160. 28 Kan. App. 2d at 370-71. Thus, a prior conviction for possession with intent to sell cocaine could not be used to enhance the sentence on a later conviction for simple possession of cocaine.

Kirk's case presents the opposite factual situation. The State attempts to use Kirk's prior conviction for mere possession to enhance his later sentence for possession with intent to sell, but both the reasoning and the result of *Daniels* apply here too.

*Daniels* properly looked to the wording of the statute. In both statutes, the legislature had referred to convictions "under this section." The *Daniels* court noted that had the legislature intended to allow mixing and matching of prior convictions, it could have said

that prior convictions "under this chapter" or "under this article" would qualify. 28 Kan. App. 2d at 371. We agree. In addition, we note that the legislature knowingly separated into different statutes the crime of simple possession from that of possession with intent to sell. At the same time, the legislature used the specific language "under this section." It is contrary to the words chosen by the legislature to allow convictions under either statute to qualify as a prior conviction when the legislature intentionally split these offenses into difference sections of the criminal code.

We also note that consideration of the full phrase found in each of the current statutes—"prior convictions under this section or substantially similar offenses under the laws of another jurisdiction"—also supports our conclusion. It would not be logical to assume that the legislature intended in K.S.A. 65-4161, which outlaws possession with intent to sell, to incorporate as countable prior offenses all drug-possession offenses in other states by reference here to "substantially similar offenses" under other jurisdictions. Although a possession offense and a possession-with-intent-to-sell offense are both drug offenses, they're substantially different just as first-degree murder and involuntary manslaughter involve culpable killings but are likewise substantially different. The reference to prior Kansas convictions ("prior convictions under this section") and to out-of-state convictions ("substantially similar offenses" elsewhere) should be interpreted consistently. And the phrase "prior convictions under this section or substantially similar offenses under the laws of another jurisdiction" should be interpreted consistently in both K.S.A. 65-4160 and 65-4161. We have done so.

The State cites two cases in an attempt to avoid the reach of *Daniels*, but we do not find them persuasive. In *State v. Crank*, 262 Kan. 449, 939 P.2d 890 (1997), the court allowed a prior conviction for possession of marijuana under an earlier statute to enhance the sentence of a later conviction for possession under a similar, but renumbered, statute. As the court noted, a prior conviction "under this section" includes one "under the contents of the section, regardless of the section number." 262 Kan. 449, Syl. ¶ 2. The *Crank* holding does not justify using a possession convic-

tion as a conviction "under this section" for a new conviction under a statute targeted specifically to possession with intent to sell.

The second case, *State v. Miles*, 233 Kan. 286, 662 P.2d 1227 (1983), determined that an out-of-state conviction for the same offense could be counted as a prior conviction. At the time, the Kansas statute allowed for enhanced penalties for a second offense and a further enhancement for a third or later offense. In part because the Kansas statute was based upon a uniform act, the court held that out-of-state convictions for the same offense counted. *Miles* determined that convictions in other states under essentially identical statutes counted as prior offenses under a Kansas statute referencing "conviction for the second offense" or for "a third or subsequent offense." 233 Kan. at 297-99. We do not believe that *Miles* can be applied to give meaning to the "under this section" language of our present statute, especially when the crimes of possession and possession with intent to sell were intentionally separated into different statutory sections by the legislature.

We add that a prior panel, in a comment in an unpublished opinion, has agreed with our conclusion. In *State v. Boyd*, No. 93,150, unpublished opinion filed October 28, 2005, *rev. denied* 281 Kan. 1379 (2006), the panel noted that "under the enhancement penalty provisions of K.S.A. 2005 Supp. 65-4161, a prior conviction for possession of cocaine could not be used to enhance the sentence for a sale of cocaine offense." Slip op. at 9.

Kirk's 1992 conviction is not at issue; defendant concedes that it was for possession with intent to distribute. Thus, the district court should have sentenced him based on K.S.A. 65-4161(b), which applies when a defendant has one prior conviction "under this section." Such a defendant is sentenced for a severity-level-2 offense rather than a severity-level-1 offense.

## Conclusion

The judgment of the district court is affirmed with respect to the court's denial of the defendant's motion to suppress evidence. The sentence entered against the defendant is vacated; the case is remanded with directions to resentence the defendant for a severity-level-2 drug offense under K.S.A. 65-4161(b).