(239 P.3d 467)
No. 102,369

STATE OF KANSAS, *Appellee*, v. KENNETH S. GOFF, *Appellant*.

Opinion filed September 17, 2010.

*Christina M. Waugh*, of Kansas Appellate Defender Office, for appellant.

*Nicole Romine*, assistant district attorney, *Laura N. Younker*, legal intern, *Charles E. Branson*, district attorney, and *Steve Six*, attorney general, for appellee.

Before HILL, P.J., PIERRON and LEBEN, JJ.

PIERRON, J.: Kenneth S. Goff appeals from the trial court's denial of his motion to suppress evidence seized during a traffic stop of his vehicle. Goff argues that the police illegally searched his vehicle without probable cause. He further argues that evidence was improperly seized after a custodial interrogation prior to his being given a *Miranda* warning.

On July 21, 2007, Goff was arrested and charged with possession of marijuana with intent to sell, a level 3 nonperson drug felony; no tax stamp, a level 10 nonperson felony; and possession of drug paraphernalia, a class A nonperson misdemeanor. He was arrested after police stopped his vehicle for a nonfunctioning tag light.

After approaching the vehicle in question on a traffic stop, the officer smelled the odor of raw marijuana coming from inside the vehicle. The officer then called for backup and waited for it to arrive. When backup arrived, the officer ordered Goff and two other men out of the vehicle. The officer then searched the vehicle

and found marijuana cigarettes in a prescription bottle in the center console. There was also a padlocked, tool-box-type locker in the back passenger section of the vehicle.

The officer asked Goff for the key to the padlock, and Goff responded that the officer needed a warrant to search the locker. The officer told Goff that he "didn't want to have to break the lock." Goff responded by telling the officer that the key was on the key ring on the center console. The officer unlocked the locker and searched it. The officer found a pipe and a Tupperware container containing approximately 15 bags of marijuana. Another officer also found an additional baggie of marijuana on the passenger's floorboard under the carpet.

Following his arrest, Goff filed a motion to suppress. The trial court held a hearing on the motion to suppress on March 31, 2008. After reviewing the evidence, the court denied Goff's motion to suppress. The court thereafter conducted a bench trial and found Goff guilty of all three counts.

Goff filed a motion for a dispositional departure or suspension of execution of sentence. The court granted the dispositional departure and sentenced Goff to 18 months probation with an underlying controlling 34-month prison term.

Goff timely appeals the denial of his motion to suppress.

Goff argues that the smell of raw marijuana was insufficient for probable cause and the officer could not have smelled marijuana from his position near the vehicle. We find there was probable cause for the officer to search, and the trial court did not err in so finding.

An appellate court reviews the district court's decision on a motion to suppress using a bifurcated standard. Without reweighing the evidence, the district court's findings are reviewed to determine whether they are supported by substantial competent evidence. The ultimate legal conclusion regarding the suppression of evidence is reviewed using a de novo standard. *State v. Woolverton,* 284 Kan. 59, 70, 159 P.3d 985 (2007).

Substantial evidence is evidence possessing both relevance and substance and which provides a substantial basis of fact from which the issues can reasonably be determined. Specifically, substantial

evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Walker*, 283 Kan. 587, 594-95, 153 P.3d 1257 (2007).

In order to stop a vehicle, an officer must have reasonable suspicion based on articulable evidence that a crime had occurred. *State v. Moore*, 283 Kan. 344, 349-50, 154 P.3d 1 (2007). In this case, the officer had reasonable suspicion that the vehicle's tag light was not properly illuminated—a traffic infraction.

The Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights generally protect against unreasonable searches and seizures. *State v. Thompson*, 284 Kan. 763, 772, 166 P.3d 1015 (2007). Generally, for a search to be reasonable, an officer must first have a warrant. *State v. Fewell*, 37 Kan. App. 2d 283, 285, 152 P.3d 1249 (2007). There are several recognized exceptions to that general rule. An officer may search a vehicle without a warrant so long as he or she has probable cause to believe that there is evidence of a crime inside the vehicle. *State v. Davis*, 31 Kan. App. 2d 1078, 1083, 78 P.3d 474 (2003), *rev. denied* 277 Kan. 925 (2004).

Within the original purpose of a traffic stop, an officer may request a driver's license, run a computer check on the license, and issue citations, but once the driver's license has been returned the driver must be allowed to go without being subject to further delay by the officer. *State v. Mitchell*, 265 Kan. 238, 245, 960 P.2d 200 (1998). The stop is considered a seizure, and, therefore, in order to continue the stop the officer must have a reasonable and articulable suspicion that a crime has been committed, is being committed, or is about to be committed. *State v. Thompson*, 284 Kan. 763, 773, 166 P.3d 1015 (2007).

Here, the officer never issued a citation for the unlit tag light. Upon smelling the raw marijuana the officer called for backup, and after backup arrived he had Goff and the other occupants exit the vehicle before searching it. In order for the officer to continue the detention without issuing the citation, he had to have a reasonable suspicion that a crime was being committed in order to detain Goff, and probable cause that evidence of the crime was in the van in order to search it. Therefore, the only question is whether the smell

of raw marijuana alone is sufficient to provide both the reasonable suspicion to detain Goff and the probable cause to search the van.

Goff presents two arguments on appeal. First, he challenges the trial court's finding that the odor of raw marijuana alone is sufficient for there to be probable cause that there is evidence of a crime inside the vehicle. Second, Goff argues the evidence establishes that the officer could not have smelled raw marijuana coming from the vehicle.

The smell of raw marijuana alone is sufficient to give an officer both reasonable suspicion and probable cause. This court has said as much in several unpublished decisions. In *State v. Dixon*, No. 98,881, unpublished opinion filed April 18, 2008, *rev. denied* 286 Kan. 1181 (2008), during a traffic stop, an officer smelled the "pretty strong, pretty pungent odor" of raw marijuana coming from the vehicle. Slip op. at 2. The defendant also told the officer that her father smoked marijuana in the vehicle and that may have caused the smell. The *Dixon* court found the district court had erred in granting a suppression motion, finding that there was sufficient evidence to establish probable cause based both on the smell of marijuana and the admission that the defendant's father smoked marijuana in the vehicle. Slip op. at 7-8.

In *State v. Toevs*, No. 100,065, unpublished opinion filed December 19, 2008, during a traffic stop for speeding, the officer smelled the odor of raw marijuana coming from the vehicle. The *Toevs* court stated: "[The officer] testified that he smelled 'a faint odor' of raw marijuana coming from inside the car. If so, then the search was lawful." Slip op. at 4.

In *State v. Kirk*, 40 Kan. App. 2d 817, 196 P.3d 407 (2008), an officer detected the smell of marijuana coming from the car he had stopped. This court found that while there were inconsistencies in the officer's testimony over whether he smelled burnt or raw marijuana, the officer had been trained to identify the odor of marijuana. 40 Kan. App. 2d at 820. The *Kirk* court found that because the officer had smelled marijuana, whether raw or burned, there was substantial evidence that the officer had probable cause to search the vehicle. 40 Kan. App. 2d at 820.

In *State v. MacDonald*, 253 Kan. 320, 856 P.2d 116 (1993), during a lane check stop, an officer smelled the odor of burned marijuana coming from the car he had stopped. The officer looked in the car, saw a small metal box, and asked the defendant what was in the box. The defendant opened the box, revealing marijuana in baggies. The *McDonald* court found that the officer had probable cause to search the vehicle based on the odor of marijuana. 253 Kan. at 324-25.

Goff argues that *MacDonald* is distinguishable from the present case because the odor was of burnt and not raw marijuana. However, the *MacDonald* court does not provide an admonition against extending the scope of probable cause to the smell of raw marijuana, and there have been other rulings that support the finding that the smell of raw marijuana is sufficient to give reasonable suspicion to detain and probable cause to search a vehicle. See *McKenney v. State*, 165 P.3d 96 (Wyo. 2007). Therefore, the officer identifying the odor of raw marijuana, by itself, was sufficient to give him probable cause to search Goff's vehicle.

Goff next argues that the officer could not have had probable cause because he could not have smelled the raw marijuana from his position near the vehicle. During the suppression hearing, Goff cross-examined the officer who searched his vehicle. A baggie of marijuana was held away from the officer, and he stated that he probably could not smell it from the distance where it was held. Later, during the cross-examination of a drug-dog handler, Goff established that the handler could not smell marijuana in the courtroom until it was only 1 foot away. Goff argues that based on this testimony, the officer could not have smelled marijuana in baggies in a locker in the back of the vehicle.

While the trial court did not make a factual ruling regarding probable cause, the appellate court ordinarily presumes the trial court found all facts necessary to support its judgment. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009). What remains is for us to determine whether a finding that there was probable cause was supported by substantial competent evidence.

The officer testified that when he walked up to the vehicle he smelled the odor of raw marijuana. While the officer was not able

to identify the smell of marijuana in the courtroom, the State argued there was a difference between identifying the odor of marijuana in the courtroom and outside of the vehicle. In order to rule that there was probable cause, the court would have had to find the testimony of the officer was credible. When evaluating whether there was substantial competent evidence to support the trial court's factual findings, we do not reweigh the evidence. *State v. Fewell*, 286 Kan. 370, 375-76, 184 P.3d 903 (2008). The trial court had to have found the officer's testimony that he smelled marijuana was credible to have found the officer had probable cause. There was sufficient testimony presented by the State to support such a finding. Therefore, the trial court did not err in finding the officer had probable cause to search Goff's vehicle. We note the "test" conducted in the courtroom involved marijuana that was months older than at the time of the search and there was no testimony as to what marijuana was smelled by the officer.

Goff next argues that his statements given to the officer about the location of the key for the locker were taken during a custodial interrogation without his having received a *Miranda* warning. While Goff was not free to leave at the time of the questioning, the questioning was part of an investigatory detention and not a custodial interrogation. The officer was not required to give a *Miranda* warning, and the trial court did not err in denying Goff's motion to suppress.

When evaluating a motion to suppress statements, we must determine, without reweighing evidence, whether the trial court's decision is supported by substantial competent evidence. *State v. Jones*, 283 Kan. 186, 192, 151 P.3d 22 (2007).

The State may not use statements made by a defendant during a custodial interrogation unless the State has provided procedural safeguards to preserve the defendant's privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966). *Miranda* warnings are, however, only required in instances of custodial interrogations, which requires that a person be in custody at the time of the interrogation. *Oregon v. Mathiason*, 429 U.S. 492, 495, 50 L. Ed. 2d 714, 97 S. Ct. 711 (1977). Additionally, traffic stops are generally exempt from the

typical *Miranda* rules, and police are allowed to ask a moderate number of questions to confirm identities and to confirm or dispel suspicions related to the scope of the stop. *Berkemer v. McCarty*, 468 U.S. 420, 439, 82 L. Ed. 2d 317, 104 S. Ct. 3138 (1984).

"K.S.A. 22-2402(1) also permits officers to question a driver during the course of a traffic stop. That section provides: 'Without making an arrest, a law enforcement officer may stop any person in a public place whom such officer reasonably suspects is committing, has committed or is about to commit a crime and may demand of the name, address of such suspect and an explanation of such suspect's actions.' " *State v. Moore*, 39 Kan. App. 2d 568, 581, 181 P.3d 1258, *rev. denied* 286 Kan. 1184 (2008).

Here, the type of stop the officer conducted was an investigatory detention. A person may be seized and questioned by law enforcement officials without the encounter rising to the level of a custodial interrogation. *State v. Hill*, 281 Kan. 136, 142, 130 P.3d 1 (2006). Investigatory detentions, or *Terry* stops, occur when a person is seized but is not yet under arrest and the officer reasonably suspects that the person has committed or is committing a crime. *Terry v. Ohio*, 392 U.S. 1, 21, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). In the case of a traffic stop, a person is only under arrest if he or she is physically restrained or deprived of his or her freedom in a significant way for the purpose of answering for a crime. K.S.A. 22-2202(4); *State v. Vanek*, 39 Kan. App. 2d 529, 533-34, 180 P.3d 1087, *rev. denied* 286 Kan. 1185 (2008).

The officer testified he had a suspicion that there was marijuana in the locker because the odor of marijuana was so pervasive it suggested there was a larger amount of marijuana in the vehicle than just inside the pill bottle. Therefore, the officer had a reasonable suspicion that Goff was committing a crimepossession of marijuana, and could legally question Goff about his suspicions without placing Goff under arrest or giving him a *Miranda* warning.

The trial court did not err in denying Goff's motion to suppress, and the trial court's ruling is affirmed.

Affirmed.