NOT DESIGNATED FOR PUBLICATION

No. 114,101

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PRESTON HOBSON PATTON AUTRY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed November 23, 2016. Affirmed.

*Thomas J. Bath, Jr.*, of Bath & Edmonds, P.A., of Overland Park, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

*Per Curiam*:  Preston Hobson Patton Autry appeals his convictions for distribution of marijuana, possession of methadone, and possession of drug paraphernalia. Autry claims that his initial voluntary encounter with Officer Curtis Weber became a custodial encounter and the officer failed to read him his *Miranda* rights before the officer performed a pat-down search. Additionally, he claims the automobile exception to a warrantless search does not apply since the State failed to show the vehicle was mobile. We find no error by the district court and affirm.

1

On December 10, 2012, Officer Weber of the Lenexa Police Department was on a routine patrol in the Motel 6 parking lot in Lenexa. He observed a vehicle that seemed strange to him because the back seat was filled from floor to ceiling with belongings. Officer Weber ran a records check of the vehicle's tag and discovered it was registered to Autry. He also learned Autry had recently been arrested for drug offenses. Officer Weber used his flashlight to look into the vehicle's windows and observed a wooden bat in the front passenger seat with the handle facing toward the driver's seat. He believed it was an illegal billy club in violation of Lenexa city code. Officer Weber also observed what appeared to be loose marijuana on the vehicle's front floor boards.

From his motel room, Autry saw Officer Weber looking into his vehicle. Autry approached Officer Weber and asked why he was looking into his car. Officer Weber explained he was conducting a plain-view search of the vehicle and asked Autry about the bat in the car. Autry referred to it as a "[b]illy." He denied it was a weapon and claimed it was a piece of sports memorabilia. Officer Weber told Autry, "I do have a concern about the bat that's in there like that. . . . I know what it is but I know why you have it as well. . . . People keep them there for protection." Officer Weber did not tell Autry he had observed marijuana in the vehicle, nor did he state that he intended to search the car. Officer Weber testified Autry was not going to be allowed to leave his custody after their initial contact; however, he did not communicate this to Autry.

During the initial encounter, Autry asked if he could return to his room. Officer Weber did not allow Autry to leave by continuing to ask him questions. He asked Autry about his drug history and when he had last used any drugs. Officer Weber asked Autry if he could do a pat-down search. Autry consented. While Officer Weber was conducting the pat-down search, Autry asked to call his attorney. Officer Weber asked Autry why he wanted to call his attorney. Autry responded it was because Officer Weber was a police

officer and was searching him. Officer Weber continued with the pat-down search and felt what he believed to be a baggie of marijuana in the watch pocket of Autry's pants. Officer Weber sat Autry down and read him his *Miranda* rights. He told Autry he was being detained.

Officer Weber asked Autry if he would like to continue talking and Autry agreed. Before handcuffing Autry, Officer Weber asked him about the baggie in his watch pocket. Autry pulled out the bag and it contained white pills, not marijuana. Officer Weber did not immediately know what the pills were but later confirmed the pills were methadone.

Next, Officer Weber asked for Autry's consent to search the vehicle and Autry declined. He explained to Autry that he could obtain a search warrant and that executing the warrant might involve breaking the window to gain access. Autry then consented to the search. Both Officer Weber and Autry went to his motel room to get the car keys. Officer Weber searched Autry's vehicle, finding marijuana inside the glovebox, a small digital scale in the center console, a vacuum sealable bag in the back seat, and a box with marijuana seeds in the trunk. Autry was placed in handcuffs and taken to the Lenexa police station. He was read his *Miranda* rights for a second time, signed a written waiver, and admitted to selling marijuana.

Prior to trial, Autry filed a motion to suppress the evidence discovered during the pat-down search, all of his statements, and all evidence found in his car. He argued he was unlawfully detained, he was unlawfully interrogated, and his consent to the pat-down search and the search of his vehicle were obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The district court denied Autry's motion. At trial, Autry renewed his objection, which the district court overruled. The marijuana, scale, vacuum bag, and marijuana seeds obtained from Autry's vehicle, the methadone pills from his pocket, and his statements admitting to

selling marijuana were admitted into evidence. Autry was convicted of distribution of marijuana, possession of methadone, and possession of drug paraphernalia. Autry was sentenced and timely filed a notice of appeal. Additional facts will be discussed as necessary.

ANALYSIS

*Autry was lawfully detained.*

### *Standard of Review*

The State bears the burden of proof for a suppression motion. It must prove to the district court the lawfulness of the search and seizure. *State v. Morlock*, 289 Kan. 980, 985, 218 P.3d 801 (2009). In reviewing the district court's decision on a motion to suppress evidence, this court determines whether the factual findings underlying the district court's decision are supported by substantial competent evidence. The appellate court does not reweigh the evidence or reassess the credibility of witnesses. The ultimate legal conclusion drawn from those factual findings is reviewed under a de novo standard. *State v. Carlton*, 297 Kan. 642, 645, 304 P.3d 323 (2013).

### *Applicable Legal Principles*

Voluntary encounters are not considered seizures and do not trigger the protections of the Fourth Amendment to the United States Constitution. A voluntary encounter is not transformed into a seizure simply because an individual responds to questions or provides identification when approached and questioned by an officer. *State v. Williams*, 297 Kan. 370, 376, 300 P.3d 1072 (2013). An encounter between law enforcement and an individual will be deemed consensual if, under the totality of the circumstances, the officer's conduct conveys to a reasonable person that he or she is free

4

to terminate the encounter. The court may consider a number of factors in evaluating whether the encounter is voluntary; no single factor is dispositive. *State v. Reiss*, 299 Kan. 291, 298-99, 326 P.3d 367 (2014); *State v. Murphy*, 296 Kan. 490, 492, 293 P.3d 703 (2013).

A voluntary encounter becomes a seizure when the individual reasonably believes they are no longer free to decline an officer's request or otherwise terminate the encounter. *State v. Kermoade*, 33 Kan. App. 2d 573, 580, 105 P.3d 730 (2005). All seizures must be reasonable. An officer may briefly stop and detain an individual without a warrant when the officer has reasonable suspicion of criminal activity. *State v. DeMarco*, 263 Kan. 727, 734, 952 P.2d 1276 (1998).

> "The United States Supreme Court has described 'reasonable suspicion' as '"a particularized and objective basis" for suspecting the person stopped of criminal activity.' *Ornelas* [*v. United States*], 517 U.S. [690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)]. Something more than an unparticularized suspicion or hunch must be articulated. *United States v. Sokolow*, 490 U.S. 1, 7, [109 S. Ct. 1581, 104 L. Ed. 2d] (1989)." *DeMarco*, 263 Kan. at 735.

Before considering whether a search was lawful, a court should consider whether the initial seizure was lawful, as an unlawful seizure may taint the fruits of the subsequent search. *State v. Thompson*, 284 Kan. 763, 772, 166 P.3d 1015 (2007).

*Was there reasonable suspicion to detain Autry?*

Autry does not dispute that his initial contact with Officer Weber was consensual; however, he argues the encounter became a seizure when Officer Weber denied his request to return to his room. He asserts Officer Weber had no reasonable suspicion to detain him at that time. The district court found Officer Weber had reasonable suspicion

5

to detain Autry and conduct a pat-down search based on seeing marijuana and the billy club in plain view in the front seat of the vehicle.

In his brief, Autry claims the district court made no specific findings as to Officer Weber's credibility. However, as the State correctly argues, credibility findings are implicit in the district court's ruling. The appellate court ordinarily presumes the trial court found all facts necessary to support its judgment. *State v. Goff*, 44 Kan. App. 2d 536, 540, 239 P.3d 467 (2010) (citing *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 [2009]). Even if the district court does not make an explicit credibility determination, the appellate court may presume the district court found a witness' testimony credible where such a finding is necessary to support the district court's decision. *Goff*, 44 Kan. App. 2d at 540-41 (district court presumed to have found officer's testimony credible when it determined officer had probable cause to search vehicle based on his testimony that he smelled marijuana in the vehicle). Here, the district court's finding that Autry's detention was lawful necessarily required a finding that Officer Weber's testimony was credible. Therefore, we presume the district court so found. See *Goff*, 44 Kan. App. 2d at 540-41.

Autry contends Officer Weber's testimony about seeing marijuana in plain view in the vehicle is not credible because Officer Weber did not discuss this with Autry on initial contact; rather, the subject was brought up only after Officer Weber finished the pat-down search. Autry relies on discrepancies between Officer Weber's testimony at the suppression hearing and the preliminary hearing, arguing:

> "[T]he reason the officer did not ask him about the marijuana was because the officer had not actually observed any marijuana at that point in the conversation but was merely on [a] fishing expedition because of the knowledge he gained from running Mr. Autry's record."

This court does not reweigh evidence or reassess the credibility of witnesses in reviewing the district court's decision on a motion to suppress evidence. *Carlton*, 297

Kan. at 645. "In our review, we accept as true the evidence and all inferences to be drawn therefrom to support the findings of the trial court and disregard any conflicting evidence or other inferences that might be drawn therefrom." *State v. Orr*, 262 Kan. 312, 322, 940 P.2d 42 (1997). This court cannot consider Autry's argument as to Officer Weber's credibility. See *Carlton*, 297 Kan. at 645.

Here, Officer Weber testified he was able to observe marijuana in plain view in the vehicle prior to making contact with Autry. Upon initial contact, Autry identified himself as the owner of the vehicle. At this point, Officer Weber had reasonable suspicion to detain Autry. See *Goff*, 44 Kan. App. 2d at 539 (smell of raw marijuana alone is sufficient to give an officer both reasonable suspicion and probable cause).

Further, Officer Weber observed what he believed to be a billy club in the front seat of Autry's vehicle. Autry does not dispute this observation; rather, he argues: "[T]he officer did not have reasonable suspicion based upon the plain viewing of what the officer claimed . . . was a weapon but had never charged Mr. Autry with possessing." As the State points out, it would be impossible for Autry to be charged with a violation of a municipal ordinance because he was prosecuted in the district court. Officer Weber had no way of knowing if or how the case would be prosecuted at the time he observed the small bat in the front seat of Autry's vehicle.

Autry cites no authority in support of his argument and has not made any challenge to the validity of the Lenexa ordinance. An argument not briefed by the appellant is deemed waived and abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). Autry failed to properly brief the issue; therefore, it is deemed waived and abandoned.

The district court did not err in finding Officer Weber had reasonable suspicion to detain Autry.

Miranda *does not apply to Autry's arguments.*

*Standard of Review*

In reviewing the district court's decision on a motion to suppress evidence, this court determines whether the factual findings underlying the district court's decision are supported by substantial competent evidence. The appellate court does not reweigh the evidence or reassess the credibility of witnesses. The ultimate legal conclusion drawn from those factual findings is reviewed under a de novo standard. *Carlton*, 297 Kan. at 645.

*Discussion*

"The Fifth Amendment to the United States Constitution guarantees the right against self-incrimination, including the right to have a lawyer present during custodial interrogation and the right to remain silent." *State v. Walker,* 276 Kan. 939, 944, 80 P.3d 1132 (2003). The Fifth Amendment protections under *Miranda*, 384 U.S. 436, attach when a person has been formally arrested or otherwise subjected to restraints comparable to those associated with formal arrest. An individual who is detained based on a *Terry* stop is not in custody for *Miranda* purposes. *Berkemer v. McCarty*, 468 U.S. 420, 439-41, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984) (discussing investigative detentions under *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 [1968]). "'[T]he core protection afforded by the Self-Incrimination Clause is a prohibition on compelling a criminal defendant to testify against himself at trial. See, *e.g.*, *Chavez v. Martinez*, 538 U.S. [760,] 764-68[, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003)] . . . . The Clause cannot be violated by the introduction of nontestimonial evidence obtained as a result of voluntary statements. See, *e.g.*, [*United States v. Hubbell*, 530 U.S. 27, 34, 120 S. Ct. 2037, 147 L.

Ed. 2d 24 (2000)].'" *State v. Schultz*, 289 Kan. 334, 344-45, 212 P.3d 150 (2009) (quoting *United States v. Patane*, 542 U.S. 630, 637, 124 S. Ct. 2620, 159 L. Ed. 2d 667 [2004]).

  *No* Miranda *warning is required before a pat-down search.*

  Autry asserts his *Miranda* rights were violated when Officer Weber questioned him during the seizure. Specifically, he argues his consent to the pat-down search was invalid because he had not been given *Miranda* warnings and Officer Weber's questions about his drug history were directed toward obtaining an incriminating response. He contends the district court erred when it found he was not in custody for *Miranda* purposes prior to being formally arrested. Autry's arguments are misplaced because *Miranda* does not apply to the questions Officer Weber asked.

  With respect to the pat-down search, Autry conflates the Fifth Amendment to the United States Constitution standard for a custodial interrogation under *Miranda*, 384 U.S. 436, with the Fourth Amendment to the United States Constitution standard for consent under *United States v. Mendenhall*, 446 U.S. 544, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980).

  In *Schultz*, our Supreme Court held *Miranda* does not apply to a request for consent to search. 289 Kan. at 349-50 (citing *United States v. Shlater*, 85 F.3d 1251, 1256 [7th Cir. 1996] [consent to search home not interrogation under *Miranda*, even though defendant's consent provided after request for attorney pursuant to Fifth Amendment]; *United States v. Hidalgo*, 7 F.3d 1566, 1568 [11th Cir. 1993] [Fifth Amendment does not apply even though defendant consented to search after receiving *Miranda* warnings]; *United States v. Smith*, 3 F.3d 1088, 1098 [7th Cir. 1993] [incriminating evidence discovered during unwarned custodial investigation may be introduced into evidence, as defendant voluntarily consented to search]; *United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1567-68 [10th Cir. 1993] [incriminating evidence may be admitted even though defendant consented to search after receiving *Miranda* warnings]; *Cody v. Solem*, 755

9

F.2d 1323, 1330 [8th Cir. 1985] [consent to search not incriminating statement]; *Garcia v. State*, 979 So. 2d 1189, 1193-94 [Fla. Dist. App. 2008] [Fifth Amendment protects only testimonial evidence; "[f]ederal courts are in accord that a consent to search is not an interrogation requiring *Miranda* warnings."]; *State v. Morato*, 619 N.W.2d 655, 662 [S.D. 2000] [consent to search not an incriminating statement]).

*Miranda* does not apply to Officer Weber's request for consent to the pat-down search. See *Schultz*, 289 Kan. at 349-50. Autry argues his request to call an attorney during the course of the pat-down search should be seen as a withdrawal of consent; however, he offers no explanation or pertinent authority in support thereof. Autry did not adequately brief the issue. An argument not briefed by the appellant is deemed waived and abandoned. *Williams*, 303 Kan. at 758. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *Murray*, 302 Kan. at 486. A point raised incidentally in a brief and not argued therein is also deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

Officer Weber's question about Autry's previous arrests for drug offenses is not within the scope of *Miranda* as it does not call for an incriminating response. While this information might arguably form some basis for the officer's suspicions, the fact Autry was previously arrested for or convicted of another crime is not inherently incriminating, nor is the question likely to elicit an incriminating response. *Miranda* only applies to express questioning or actions of law enforcement which are either intended or likely to elicit an incriminating response. See *State v. Vaughn*, No. 111,430, 2016 WL 367917, at *7 (Kan. App. 2016) (unpublished opinion) (citing *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 64 L. Ed. 2d 297 [1980]), *petition for rev. filed* February 29, 2016. At this stage of Officer Weber's contact with Autry, *Miranda* does not apply.

Autry failed to specifically address whether he was in custody for *Miranda* purposes after the completion of the pat-down search but prior to his formal arrest. He incidentally raises the issue but does not argue the point. Throughout much of his brief, Autry maintains he was in custody from the moment the encounter became an investigatory detention. Additionally, we note Autry failed to address whether the officer's questioning after the pat-down search was a *Miranda* violation. We note this because the officer did not actually retrieve the bag of pills from Autry's pocket during the pat-down search; rather, Autry pulled it out during their subsequent discussion. Further, Autry fails to brief the issue of whether Officer Weber's questioning at the police station was a *Miranda* violation. Issues not briefed are deemed waived and abandoned. *Williams*, 303 Kan. at 758. Points raised incidentally in a brief but not argued therein are also deemed abandoned. *Sprague*, 303 Kan. at 425.

Autry has failed to demonstrate a *Miranda* violation occurred, and the district court properly decided the issue.

*Autry's vehicle was lawfully searched.*

*Standard of Review*

Autry filed a motion to suppress the evidence found in his vehicle, claiming the warrantless search was unlawful. The district court denied his motion. The State must prove the lawfulness of a warrantless search. *Morlock*, 289 Kan. at 985. Our review of the district court's decision requires us to determine whether the factual findings underlying the district court's decision are supported by substantial competent evidence. The appellate court does not reweigh the evidence or reassess the credibility of witnesses. The ultimate legal conclusion drawn from those factual findings is reviewed under a de novo standard. *Carlton*, 297 Kan. at 645.

11

*Warrantless searches are presumed unreasonable.*

Warrantless searches are presumptively unreasonable subject to a few specific and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); *State v. Daniel*, 291 Kan. 490, 496, 242 P.3d 1186 (2010) ("Warrantless searches are considered unreasonable and invalid unless they fall within one of the recognized exceptions to the warrant requirement.").

Probable cause plus exigent circumstances is a valid exception to the warrant requirement. The automobile exception is a subclass of this exception. Where an officer has probable cause to believe that evidence of a crime is within a vehicle, the mobility of the vehicle provides the exigent circumstances without the necessity of proving anything more. *State v. Stevenson*, 299 Kan. 53, 58, 321 P.3d 754 (2014).

*The automobile exception applies.*

Autry's real argument here is "the State did not put on competent evidence" to prove the vehicle was mobile. Autry's challenge to the vehicle's mobility is weak as it was parked in a hotel parking lot and full of his personal items. He does not specifically articulate the nature of his argument, nor does he cite pertinent authority to support his argument the State had to show the vehicle was capable of moving before the exception applied. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *Murray*, 302 Kan. at 486. At best, the point is incidentally raised with limited briefing. An argument not briefed by the appellant is deemed waived and abandoned. *Williams*, 303 Kan. at 758.

12

The district court found Officer Weber's observation of marijuana and a weapon in plain view within the vehicle justified the warrantless search. Autry does not argue Officer Weber's plain-view observations constituted an unlawful search. In fact, he concedes that if Officer Weber's testimony was credible, he had probable cause to search the vehicle. The district court held Officer Weber had probable cause to search; thus, we presume the district court found Officer Weber's testimony credible. *Goff*, 44 Kan. App. 2d at 541. This court does not reweigh evidence or reassess credibility in reviewing the district court's decision on a motion to suppress evidence. *Carlton*, 297 Kan. at 645. Given Autry's concession of this issue, we decline to address whether Officer Weber's observations established probable cause as a matter of law. *State v. Williams*, No. 98,603, 2008 WL 4966472, at *3 (Kan. App. 2008) (unpublished opinion) (declining to decide an issue conceded by the State). However, as this court has previously held, observation of marijuana in a vehicle is legally sufficient probable cause to search. *Goff*, 44 Kan. App. 2d at 539 (smell of marijuana in vehicle alone established probable cause to search).

In any event, Autry's argument lacks merit. This court ordinarily presumes the district court found all facts necessary to support its judgment. *Hodges*, 288 Kan. at 65. "In our review, we accept as true the evidence and all inferences to be drawn therefrom to support the findings of the trial court and disregard any conflicting evidence or other inferences that might be drawn therefrom." *Orr*, 262 Kan. at 322. Here, Officer Weber found the vehicle in the parking lot of a motel. The record reflects nothing about the vehicle's condition or appearance to show immobility. Autry told Officer Weber the vehicle was loaded with his belongings because he was using it to move, had been staying at the motel for a few days, and he had a key to the vehicle in his room. Officer Weber also confirmed that the vehicle's registration was current. Therefore, the record reflects the vehicle was mobile. The search of Autry's vehicle was justified under the automobile exception to a warrantless search.

Affirmed.