NOT DESIGNATED FOR PUBLICATION

No. 116,455

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

ASA MUNTZ,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed April 7, 2017. Reversed and remanded.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Shannon S. Crane*, of Hutchinson, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and POWELL, JJ.

POWELL, J.: Asa Muntz was charged with possession of methamphetamine, oxycodone, and marijuana after law enforcement found illegal drugs and drug paraphernalia during a search of the car Muntz was driving, his backpack, and his pockets. Muntz filed a motion to suppress this evidence, claiming the officer lacked reasonable suspicion to extend the stop's duration or to stop him in the first place. The district court found that while the stop was justified, the officer lacked reasonable suspicion to extend the stop's duration and granted Muntz' motion. The State now seeks interlocutory review of this order. Because we find the officer had probable cause to

search the car, which also allowed him to extend the stop's duration, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2015, around midnight, Hutchinson Police Officer Travis Lahann noticed a car parked at the end of a dead-end street. The car was parked 10 to 15 feet from a no parking sign, and two people were standing near the car. Lahann approached them and asked for identification. Muntz, one of the two standing near the car, went to the car to look for his ID. Lahann followed Muntz, shining his flashlight into the backseat area of the car while Muntz opened a backpack lying on the backseat to look for his ID. As Muntz opened the backpack, Lahann saw a sealed plastic bag containing a spoon and a yellow rock-like substance inside the backpack. He also saw an unopened beer can on the floor. Believing there were illegal drugs in the vehicle, Lahann then called for backup. After backup arrived, Lahann searched the car and found a clear plastic bag containing white powder residue, a bag containing leafy green vegetation, and an unloaded needle. A search of Muntz' backpack yielded the spoon and yellow rock-like substance Lahann initially noticed, a cut-up straw, and an unloaded needle. Lahann also searched Muntz and found a glass pipe with burnt residue in his pocket.

The State charged Muntz with possession of methamphetamine, oxycodone, and marijuana. Muntz filed a motion to suppress both the statements he had made and the evidence that was collected. In his motion, Muntz argued, relevant to this appeal, that Lahann lacked reasonable suspicion to stop him and, if the stop was lawful, to extend the stop's duration. After conducting a hearing, the district court found that while Lahann was justified in stopping Muntz because the car was parked in or near a no parking area, Lahann impermissibly converted the stop into a search for drugs. The district court concluded that Lahann lacked reasonable suspicion to extend the stop's duration on the

2

grounds that a parking violation did not justify the search of a car. As a result, the district court granted Muntz' motion to suppress.

The State filed an interlocutory appeal of the district court's order.

DID THE DISTRICT COURT ERR IN GRANTING MUNTZ' MOTION TO SUPPRESS?

When reviewing a district court's ruling on a motion to suppress,

"[o]ur review . . . is bifurcated. Without reweighing the evidence, the appellate court first examines the district court's findings to determine whether they are supported by substantial competent evidence. [Citation omitted.] The district court's conclusions are then reviewed de novo. If there are no disputed material facts, the issue is a question of law [subject to] unlimited review." *State v. Karson*, 297 Kan. 634, 639, 304 P.3d 317 (2013).

Both the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights protect individuals from unlawful seizures. *State v. Garza*, 295 Kan. 326, 331, 286 P.3d 554 (2012). A traffic stop is a seizure. 295 Kan. at 332. During the stop, a law enforcement officer may request a driver's license. *State v. Moore*, 283 Kan. 344, Syl. ¶ 4, 154 P.3d 1 (2007); see also *State v. Walker*, 292 Kan. 1, 12-16, 251 P.3d 618 (2011) (finding that a law enforcement officer may also request identification from a stopped pedestrian). An officer may inquire into matters unrelated to the initial reason for the stop "'so long as those inquiries do not measurably extend the duration of the stop.'" *State v. Jones*, 300 Kan. 630, 640, 333 P.3d 886 (2014) (quoting *Arizona v. Johnson*, 555 U.S. 323, 333, 129 S. Ct. 781, 172 L. Ed. 2d 694 [2009]). The stop's duration may be extended if the officer has "an objectively reasonable and articulable suspicion that criminal activity was or is taking place." *State v. Coleman*, 292 Kan. 813, 816-17, 257 P.3d 320 (2011).

The Fourth Amendment and § 15 of the Kansas Constitution Bill of Rights also protect individuals from unlawful searches. *Garza*, 295 Kan. at 331. Warrantless searches are per se unreasonable unless the search fits one of the recognized exceptions; one such exception is probable cause plus exigent circumstances. *State v. Sanchez-Loredo*, 294 Kan. 50, 55, 272 P.3d 34 (2012). A subclass of the probable-cause-plus-exigent-circumstances exception is the "automobile exception," which states that a vehicle's mobility provides, without the necessity of proving anything more, exigent circumstances. 294 Kan. 50, Syl. ¶ 4. "'Probable cause' to search a vehicle can be established if the totality of the circumstances indicates there is a 'fair probability' that the vehicle contains contraband or evidence." 294 Kan. at 55.

Muntz argues that Lahann did not have reasonable suspicion to extend the stop's duration. However, Lahann's plain view observation of what he believed were illegal drugs or drug paraphernalia created probable cause, making the extension of the stop lawful. Here, it was permissible, as part of the stop, for Lahann to ask Muntz for identification. As Muntz looked for his ID in the car, Lahann was able to see in plain view what he believed were illegal drugs or drug paraphernalia. This observation created a fair probability that the car contained contraband, establishing probable cause to search it. See *Sanchez-Loredo*, 294 Kan. at 55-56; *State v. Goff*, 44 Kan. App. 2d 536, 539, 239 P.3d 467 (2010), *rev. denied* 292 Kan. 967 (2011) (smell of marijuana in vehicle alone established probable cause to search); *State v. Fulton*, No. 100,061, 2009 WL 3737310, at *2 (Kan. App. 2009) (unpublished opinion) (observation of drug paraphernalia established probable cause to search). Probable cause is a higher standard than reasonable suspicion. *State v. Beltran*, 48 Kan. App. 2d 857, 864, 300 P.3d 92 (2013). Because Lahann had probable cause to search the car, his extension of the stop's duration was also permissible. See *Coleman*, 292 Kan. at 816-17 (reasonable suspicion required to extend stop's duration).

4

Muntz also argues the stop was unlawful, noting the district court found that the stop was an investigatory detention without reasonable suspicion. The district court, however, found the stop was justified because the car was parked in or near a no parking area. Muntz did not file a cross-appeal challenging the district court's adverse ruling, so the lawfulness of the stop is not properly before us. See K.S.A. 2016 Supp. 60-2103(h); *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 2, 176 P.3d 144 (2008). Because Lahann lawfully asked for Muntz' ID and because he obtained probable cause that unlawful contraband was in the car, the extension of the stop's duration and the search of the car were lawful. See *I.N.S. v. Delgado*, 466 U.S. 210, 216, 104 S. Ct. 1758, 80 L. Ed. 2d 247 (1984) (request for identification not a seizure). The district court, therefore, erred in granting Muntz' motion to suppress.

Reversed and remanded.