(17 P.3d 373)

No. 83,629

STATE OF KANSAS, *Appellee*, v. LARRY O. DANIELS, *Appellant*.

Opinion filed December 22, 2000.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Rex L. Lane*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before LEWIS, P.J., RULON, J., and GLENN D. SCHIFFNER, District Judge, assigned.

RULON, J.: Defendant Larry O. Daniels appeals from his jury convictions of possession of cocaine, felony possession of drug paraphernalia, and misdemeanor possession of drug paraphernalia and from the sentence imposed for those convictions. We affirm defendant's convictions but remand for resentencing.

In March 1998, Atchison police officers executed a search warrant on a private residence. The residence belonged to Everline Hanmont and her mother. The search warrant contained the names of five individuals the police anticipated being at the residence. The defendant was one of the listed individuals.

Officer Cary Stone and other members of the police response team arrived at the residence and proceeded to the back door. Defendant opened the door, saw the police, and then shut the door, remaining inside the residence. The police then entered the residence by force.

Once inside, Stone spoke to defendant. Defendant denied being involved in drugs and told Stone the officers would not find any illegal substances in the house. Stone told defendant that if anything was found, the officers would have to assume such items belonged to Hanmont. Officers located a spoon with a burnt bottom in the kitchen sink, a bag containing a knife with cocaine res-

idue and a baby food jar fashioned into a crack pipe, and a box of baking soda. Defendant admitted to smoking crack cocaine shortly before the officers arrived.

## Motion to Suppress

Defendant filed a pretrial motion to suppress his incriminating admissions, asserting such statements were not made voluntarily. Defendant further argued the search warrant was legally invalid. The district court found defendant did not have standing to contest the search and that defendant's statements were made voluntarily.

During defendant's trial defendant did not object to Stone's testimony regarding statements defendant made or regarding the physical evidence until the State rested its case. Important to our consideration is the fact that defendant only raised an objection at the same time defendant made a motion to dismiss for lack of evidence.

"When a pretrial motion to suppress has been denied, the moving party must object to introduction of the evidence at trial in order to preserve the issue for appeal." *State v. Jones,* 267 Kan. 627, 637, 984 P.2d 132 (1999). *Jones* held that only an objection raised at the time the evidence is offered satisfies the contemporaneous objection requirement. 267 Kan. at 637-38. An objection lodged at the close of the State's case is not contemporaneous. Based upon this record we conclude defendant did not properly preserve either of these issues for appeal. Even so, we have considered defendant's claims and conclude they have no legal merit.

## Unanimous Verdict

Next, the defendant claims the district court erred by failing to instruct the jury its verdict must be unanimous as to the facts which constituted possession of cocaine and drug paraphernalia.

Defendant claims this case is a multiple acts case.

" 'In multiple acts cases . . . several acts are alleged and any one of them could constitute the crime charged. In these cases, the jury must be unanimous as to which act or incident constitutes the crime. To ensure jury unanimity in multiple acts cases, we require that either the State elect the particular criminal act upon which it will rely for conviction, or that the trial court instruct the jury that all of them must agree that the same underlying criminal act has been proved beyond

a reasonable doubt.' " *State v. Timley*, 255 Kan. 286, 289-90, 875 P.2d 242 (1994) (quoting *State v. Kitchen*, 110 Wash. 2d 403, 410, 756 P.2d 105 [1988]).

Defendant contends the State charged him with possession of drug paraphernalia and cocaine but introduced evidence of numerous items the State claimed represented paraphernalia and at least two instances of cocaine residue. Defendant asserts the jury should have been instructed it had to unanimously find which items constituted drug paraphernalia.

Defendant was charged with one count of possession of cocaine and two counts of possession of drug paraphernalia. The paraphernalia charges were for violations of K.S.A. 1999 Supp. 65-4152(a)(2) and (3). K.S.A. 1999 Supp. 65-4152(a)(2) prohibits possessing with the intent to use "any drug paraphernalia to use, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance in violation of the uniform controlled substances act." K.S.A. 1999 Supp. 65-4152(a)(3) prohibits possessing with the intent to use "any drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, sell, or distribute a controlled substance in violation of the uniform controlled substances act."

Stone testified defendant admitted to "rocking up" cocaine before the officers arrived. According to Stone, "rocking up" is the process of converting powder cocaine into crack cocaine, and such procedure involves a baking soda-cocaine-water mixture. Stone testified the baking soda, knife, and spoon would be used in the production of crack cocaine. Stone further testified regarding the modification and use of the baby food jar as a crack pipe. According to Stone, the jar would be used to ingest or inhale the cocaine.

The trial court instructed the jury separately on the evidence of possession of paraphernalia to produce crack cocaine and paraphernalia to use crack cocaine. Instruction No. 9 instructed the jury must find defendant possessed with the intent to use any drug paraphernalia and "[a]s used in this Instruction, 'drug paraphernalia' means an item used to compound, convert, produce, process, prepare, pack, repack, sell, or distribute a controlled sub-

stance. . . ." Instruction No. 10 provided the jury must find defendant possessed with the intent to use drug paraphernalia and "[a]s used in this Instruction, 'drug paraphernalia' means an item used to contain, ingest, inhale, or introduce a controlled substance into the human body in violation of the Uniform Controlled Substances Act."

The State introduced evidence of a group of items used to produce crack cocaine and charged defendant accordingly. The jury was instructed on this charge. The State further introduced evidence of a pipe used to ingest crack cocaine and had charged defendant accordingly. The jury was instructed on this charge. There is no multiple acts controversy.

Defendant further argues there is no assurance of jury unanimity on the charge of possession of cocaine because the State introduced two items which contained cocaine residue. Defendant testified the knife contained cocaine residue. Kamala Hinnergardt, a KBI forensic scientist, testified both the knife and the baby food jar contained cocaine residue.

After an appellate court establishes the jury was presented with evidence of multiple acts, the first step is to determine whether there is a possibility of jury confusion from the record or if evidence showed either legally or factually separate incidents. Incidents are legally separate when the defendant presented different defenses to separate sets of facts or when the court's instruction are ambiguous and tend to shift the legal theory from a single incident to separate incidents. Incidents are factually separate when independent criminal acts have occurred at different times or when a subsequent criminal act is motivated by fresh impulse. If no jury confusion is shown, we can then apply a harmless error analysis to determine if the error was harmless beyond a reasonable doubt with respect to all acts.

Here, the knife and baby food jar were found in the same bag at the same time. Defendant's defense was that none of the items belonged to him. The trial court's instructions did not specify a particular act which was required to constitute possession, but the record does not indicate the possession of the knife and baby food jar were legally separate acts.

Similarly, the individual acts of possessing the knife and jar did not occur at different times and did not appear to be motivated by a "fresh impulse." One item was used to produce crack cocaine and the other was used to consume crack cocaine. Stone testified defendant admitted to doing both acts just prior to the officers' arrival at the scene. Consequently, we conclude defendant's actions were not factually separate.

Applying the harmless error analysis to this case, it is unlikely the jury would have concluded defendant possessed one of the items without simultaneously possessing the other. There is no reasonable likelihood of jury confusion and no multiple acts issue arises.

## Prior Bad Act

Next, the defendant contends the district court erred when instructing the jury regarding testimony concerning defendant's prior bad act.

When reviewing challenges to jury instructions, a reviewing court is required to consider all the instructions, read together as a whole. *State v. Sims*, 264 Kan. 506, 514, 956 P.2d 1337 (1998). "If the instructions properly and fairly state the law as applied to the facts of the case and a jury could not reasonably have been misled by them, the instructions do not constitute reversible error even if they are in some way erroneous. [Citation omitted.]" 264 Kan. at 514.

The district court allowed officer Stone to testify the only other time Stone had encountered someone using a baby food jar as a crack pipe was several years earlier in another case involving this defendant. At the conclusion of Stone's testimony, the trial court gave the following instruction to the jury:

"The Court has permitted the State to introduce evidence with regards to the baby food jar and the prior incident concerning the baby food jar with [defendant].

"This evidence that has been admitted would tend to prove that the defendant committed a crime other than the present crime charged.

"This evidence may be considered solely for the purpose of proving the defendant's intent or knowledge with respect to the second possession with intent to use drug paraphernalia charge.

"That is the charge where drug paraphernalia is defined as an item used to contain, ingest, inhale, or introduce a controlled substance into the human body.
"This evidence should not be considered by you for any other purpose."

The instruction given at the close of the trial regarding defendant's prior bad act was more general and was as follows: "Evidence has been admitted tending to prove that the defendant committed crimes other than the present crimes charged. This evidence may be considered solely for the purpose of proving the defendant's intent or knowledge." Defendant now argues this later instruction allowed the jury to believe it was entitled to use the evidence of the prior incident with regard to any of the present charges against defendant.

Strictly speaking, defendant failed to preserve this issue for appeal. The record shows the parties and the district court engaged in a lengthy discussion regarding the jury instruction in question, but defendant never objected to the instruction on the ground defendant now raises. A party may not assign as error the giving of an instruction unless the party objects to the instruction, "stating distinctly the matter to which the party objects and the grounds of the objection." K.S.A. 1999 Supp. 22-3414(3). An objection is not required if the giving of the instruction is clearly erroneous. K.S.A. 1999 Supp. 22-3414(3).

Even considering this issue on its merits, the giving of the challenged instruction does not constitute reversible error. In light of the proper limiting instruction given when the testimony was elicited and reviewing the instructions as a whole, the instruction given at the end of the trial cannot be said to amount to reversible error.

## Drug Paraphernalia

Next, defendant argues the district court erred in not giving an instruction under K.S.A. 65-4151, stating the factors the jury was to use in determining whether an object is drug paraphernalia. Defendant did not object to the omission of the instruction and such omission is not reversible error unless clearly erroneous. K.S.A. 1999 Supp. 22-3414(3). "Instructions are clearly erroneous only if the reviewing court is firmly convinced that there is a real possibility the jury would have rendered a different verdict if the

trial error had not occurred." *State v. Henry*, 263 Kan. 118, 131, 947 P.2d 1020 (1997).

Defendant asserts the items confiscated by police officers were items a person might possess innocently at any time. Defendant claims that without the proper jury instruction, the jury may not know how to determine whether such objects were drug paraphernalia.

This record clearly demonstrates the items seized were drug paraphernalia. The knife contained cocaine residue and the baby food jar was modified to be used as a crack pipe. In addition, the two items were found in the same bag at the same time. There is no real likelihood the jury was confused regarding the nature of the items and no real possibility a different verdict would have been returned had the instruction been given.

This issue has no legal merit.

### The Enhanced Sentence

Finally, defendant claims the sentencing court erred in using his prior drug conviction to enhance his sentence for the present conviction. This issue involves interpretation of a statute and our scope of review is unlimited. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

Here, defendant was convicted of possession of cocaine in violation of K.S.A. 1999 Supp. 65-4160(a). This statute classifies the offense as a drug severity level 4 felony. K.S.A. 1999 Supp. 65-4160(b) states that if "any person who violates this section has one prior conviction *under this section* or a conviction for a substantially similar offense from another jurisdiction, then that person shall be guilty of a drug severity level 2 felony." (Emphasis added.)

In this case, the sentencing journal entry listed defendant as having a previous conviction for possession of cocaine and classified his present offense as a drug severity level 2 felony. The only evidence of defendant's previous conviction is an entry on defendant's Kansas Criminal History Worksheet showing a conviction in 1996 for possession of cocaine contrary to K.S.A. 65-4161a. This entry presumably was referring to K.S.A. 1995 Supp. 65-4161(a), which addressed unlawful acts relating to the sale or distribution of drugs.

According to defendant, his prior conviction under a separate statute does not constitute a prior conviction under K.S.A. 1999 Supp. 65-4160 for the purpose of enhancement. Criminal statutes are to be construed in the accused's favor and any reasonable doubt about the meaning of a statute is to be decided in the accused's favor. *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998). "The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent." 264 Kan. at 14.

The State argues possession of cocaine with intent to sell and possession of cocaine are similar offenses and the legislature meant to enhance the penalties for individuals convicted of both.

We find there are no Kansas cases addressing enhancement under K.S.A. 1999 Supp. 65-4160(b). We are convinced a strict reading of K.S.A. 1999 Supp. 65-4160(b) indicates a prior conviction for enhancement purposes would have to be for a violation of K.S.A. 1999 Supp. 65-4160(a). Otherwise, the legislature could have used language such as "under this chapter" or "under this article." As such, we conclude the sentencing court erred when enhancing defendant's sentence under K.S.A. 1999 Supp. 65-4160(b).

Defendant's convictions are affirmed, his sentence is vacated, and the cause is remanded for resentencing consistent with this opinion.