NOT DESIGNATED FOR PUBLICATION

No. 115,954

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN MARK BRITT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Morton District Court; CLINT B. PETERSON, judge. Opinion filed March 30, 2018. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

SCHROEDER, J.:  John Mark Britt was charged with eight counts involving possession of certain drug precursors, attempted manufacture of a controlled substance (methamphetamine), conspiracy to manufacture a controlled substance (methamphetamine), possession of drug paraphernalia, and four counts of aggravated endangering a child. The district court denied Britt's pretrial motion to suppress evidence found in his home. At his jury trial, Britt failed to timely object to any of the State's evidence related to the denial of his motion to suppress. After the State rested, Britt renewed his motion to suppress. The district court denied the motion. On appeal, Britt claims the renewal of his motion to suppress—after the State rested—was sufficiently

1

contemporaneous to preserve the issue for appellate review. We disagree, and find the renewed motion to suppress was untimely and cannot be considered as a contemporaneous objection to preserve the issue for appellate review.

Britt also asserts the jury instructions given for aggravated endangering a child were overbroad. We agree, the instructions were overbroad and given in error. However, Britt failed to object to the instruction and has not shown prejudice. Thus, we affirm.

FACTS

On May 1, 2013, Officer Nate Schumacher of the Elkhart Police Department sought and obtained a search warrant for Britt's home based on a suspected methamphetamine manufacturing operation. The information Officer Schumacher relied on in obtaining the search warrant was provided by a confidential informant, Blake Goddard, who was living with Britt at the time. Goddard had previously been arrested for fighting and agreed to act as a confidential informant in exchange for the State dismissing the charges in his criminal case. He was put into contact with Deputy James Burnett of the Morton County Sheriff's Office. Deputy Burnett had never worked with Goddard.

Later that day, Goddard sent text messages to Deputy Burnett implicating Britt in a methamphetamine manufacturing operation. Deputy Burnett was in Oklahoma when he received the messages so he forwarded them to Officer Schumacher. Goddard's messages indicated Britt had manufactured methamphetamine two days prior, was in the process of obtaining ingredients, and planned to manufacture methamphetamine later in the day. Officer Schumacher did not corroborate any of the information Goddard provided. Officer Schumacher's affidavit in support of the search warrant stated:

"On May 1, 2013, I was contacted by Deputy James Burnett about a methamphetamine lab that was in the [beginning] processes with Anhydrous Ammonia at the above location

2

and in the surrounding [curtilage] (Garage behind the house). Deputy James Burnett was contacted by C.I. 162 providing information that the methamphetamine lab was being made in the garage and that the owner John Britt was on his way to Liberal, KS to purchase the rest of the ingredients for the lab. The C.I. also informed Deputy Burnett that [Britt] and several other suspects had cooked a lab 2 days prior to giving this information. C.I. 162 has been inside the residence and garage area and has seen [lithium] batteries in the house, and the Anhydrous Ammonia in the [garage]."

Law enforcement officers executed the search warrant and arrested Britt. At the time the warrant was executed, two of Britt's sons were in the home. During the search, the officers recovered several items used in the manufacture of methamphetamine, including: a mason jar with a hole in the top; starter fluid; brass torches; a lithium battery which had been cut in half; and a prescription bottle containing 289 Sudafed tablets. No anhydrous ammonia was found.

The State charged Britt with attempted manufacture of methamphetamine, conspiracy to manufacture methamphetamine, possession of drug precursors, possession of drug paraphernalia, and four counts of aggravated endangering a child. Britt filed a pretrial motion to suppress evidence, arguing the affidavit failed to establish probable cause to issue the search warrant and was so lacking in probable cause that a reasonable officer could not rely on the search warrant in good faith. The district court denied Britt's motion, finding the affidavit established probable cause. Alternatively, the district court found the good-faith exception to the exclusionary rule applied if the search warrant lacked probable cause.

Britt retained new counsel and the motion to suppress was not renewed prior to the jury trial. During the jury trial, Britt did not object to the admission of the evidence offered by the State related to the denial of his motion to suppress. Over the course of a 3-day jury trial, the State presented 13 witnesses and 45 exhibits. The State rested and Britt renewed his motion to suppress asking the district court to suppress all evidence

3

obtained from the search of his home. The district court stated it believed the motion had to be made in writing prior to trial. Britt's counsel stated a motion was previously made in writing and he wanted to raise the issue again. The district court declined to reconsider its previous ruling. Britt then presented his defense.

Britt moved for a directed verdict on all charges pending against him. The district court granted Britt's motion for a directed verdict of acquittal on two counts of the aggravated endangering a child. The remaining charges were submitted to the jury. The jury hung on the charges of attempted manufacturing, conspiracy to manufacture, and possession of drug paraphernalia. The district court declared a mistrial as to those charges. The State subsequently dismissed them with prejudice. The jury convicted Britt of possession of drug precursors and two counts of aggravated endangering a child. The district court sentenced Britt to 56 months' imprisonment for possession of drug precursors with two concurrent sentences of 6 months' imprisonment for the aggravated endangering a child convictions.

ANALYSIS

*Britt's pretrial motion to suppress was not preserved by a timely objection.*

Britt argues the district court erred in denying his pretrial motion to suppress evidence, asserting: (1) Officer Schumacher's affidavit in support of the search warrant failed to establish probable cause, and (2) the affidavit contained so little indicia of probable cause as to preclude the officers from relying on the warrant in good faith. In reviewing the denial of a motion to suppress evidence, the appellate court determines whether the factual findings underlying the trial court's decision are supported by substantial competent evidence. The ultimate legal conclusions drawn from those factual findings are subject to de novo review. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016).

*Preservation of the issue*

Britt filed a timely pretrial suppression motion, but he did not renew his objection when the State presented the evidence at trial. During the three-day trial, Britt failed to object to any of the State's evidence related to his motion to suppress. Britt did not renew the suppression issue at trial until after the State closed its case-in-chief. Pursuant to K.S.A. 60-404, a timely objection must be lodged when the evidence is offered:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

Our Supreme Court has stressed the importance of following K.S.A. 60-404 to preserve an evidentiary question for review: "K.S.A. 60-404 dictates that evidentiary errors shall not be reviewed on appeal unless a party has lodged a timely and specific objection to the alleged error *at trial*." (Emphasis added.) *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009).

In *State v. Solis*, 305 Kan. 55, Syl. ¶ 1, 378 P.3d 532 (2016), the Supreme Court addressed the issue of a timely objection—a case neither party addressed on appeal: "The Kansas Supreme Court has interpreted K.S.A. 60-404 to require a defendant to contemporaneously object *at trial* to the admission of challenged evidence, notwithstanding a pretrial ruling by the court that the evidence is admissible." (Emphasis added.) Black's Law Dictionary defines "contemporaneous-objection rule" as:

"The doctrine that a timely and proper objection to the admission of evidence must be made at trial to afford the trial court an opportunity to conduct a meaningful inquiry into possible prejudice before or promptly after verdict and to preserve the issue for appeal. *An objection is timely if it is made as soon as practicable and is proper if*

5

*made formally on the record*." (Emphasis added.) Black's Law Dictionary 384 (10th ed. 2014).

Using this definition, even if we assume Britt's renewal of his motion to suppress was an objection to the evidence offered by the State, the objection was not timely.

"Our Supreme Court has regularly enforced the contemporaneous objection rule in motion to suppress cases, including cases involving rulings made during pretrial . . . hearings. For example, in *State v. Potts*, 304 Kan. 687, Syl. ¶ 3, 374 P.3d 639 (2016), our Supreme Court stated: 'When a pretrial motion to suppress has been denied, the evidence must also be objected to *at the time it is offered during the trial in order to preserve the issue for appeal*.'" (Emphasis added.) *State v. Rigg*, No. 115,940, 2017 WL 3837338, at *2 (Kan. App. 2017) (unpublished opinion).

Kansas appellate courts have, on occasion, refused to strictly apply the contemporaneous objection rule in some contexts upon finding the underlying purpose for the rule has been satisfied. See, e.g., *State v. Hart*, 297 Kan. 494, 510-11, 301 P.3d 1279 (2013) (State urged the court to allow it to stipulate to the preservation of the issue); *State v. Spagnola*, 295 Kan. 1098, 1103, 289 P.3d 68 (2012) (evidence admitted at a bench trial conducted by the same judge who denied the defendant's motion to suppress); *State v. Breedlove*, 295 Kan. 481, 490-91, 286 P.3d 1123 (2012) (objections at trial were timely but not specific). Here, Britt only asked to renew his motion to suppress all of the State's evidence derived from the search of his home at the close of the State's case-in-chief. Was this a timely and specific objection? No. It was a renewed motion to suppress all the evidence admitted from the search of Britt's home, not an objection to the evidence already admitted.

Britt argues the issue is properly preserved for appeal. In support of his argument he relies on *State v. Keenan*, 50 Kan. App. 2d 358, 325 P.3d 1192 (2014). We find his reliance on *Keenan* is misplaced. In *Keenan*, a timely pretrial motion to suppress was

filed and denied. Keenan did not object to the evidence when it was initially admitted at trial but objected after each of the officers testified. The *Keenan* panel found Keenan's objection was untimely but he sufficiently preserved the issue for appeal. 50 Kan. App. 2d at 361-63. The State did not cross-appeal the Court of Appeals' finding that Keenan sufficiently preserved the issue for appeal. See *State v. Keenan*, 304 Kan. 986, 992-93, 377 P.3d 439 (2016) ("Because the State did not cross-petition to challenge the Court of Appeals' preservation ruling in favor of Keenan, we will not consider whether the panel erred on this point."). Instead, we believe the panel in *State v. Daniels* correctly addressed this issue, concluding: "An objection lodged at the close of the State's case is not contemporaneous." 28 Kan. App. 2d 364, 365, 17 P.3d 373 (2000).

Here, the State presented 13 witnesses and 45 exhibits over the course of a 3-day jury trial. Britt did not raise the suppression issue again until after the State rested. As the State points out, there is a drastic difference between Keenan objecting after each of the witnesses testified and Britt waiting until the close of the State's entire case-in-chief to renew the suppression motion. Under these facts, we find no procedural reason for Britt to allow the State to present the entirety of its case-in-chief with little or no objection to the exhibits and then move to suppress all of the evidence derived from the search of his home at the close of the State's case. Moving to renew the motion to suppress is not the same as objecting to the evidence as it is offered at trial. Each action requires a different response by the district court to address.

We pause to note that we agree with our dissenting colleague that "our Supreme Court has stated the importance of establishing accuracy and reliability in search warrant affidavits where the information contained therein was provided by a confidential informant." And we agree that Britt has a colorable constitutional claim regarding the search warrant in this case. But he cannot pursue it here due to clear and recent guidance from the Supreme Court regarding the timeliness of objections. *State v. Potts*, 304 Kan. 687, Syl. ¶ 3, 374 P.3d 639 (2016) ("When a pretrial motion to suppress has been denied,

7

the evidence must also be objected to *at the time it is offered during the trial in order to preserve the issue for appeal*." [Emphasis added.]); see *State v. Brown*, 307 Kan. __, __ P.3d __, slip op. 7 (No. 111,690, filed March 23, 2018) (Since their decision in *King*, the Supreme Court has not applied the three recognizable exceptions—for allowing appellate review of issues not raised below—to absolve a part of K.S.A. 60-404 violations.). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). As previously indicated, this court found Britt acknowledged in his brief that when a pretrial motion to suppress evidence has been denied, an objection at the close of the State's case is not *contemporaneous*. See *Daniels*, 28 Kan. App. 2d at 365. Britt offered no timely contemporaneous objection for purposes of K.S.A. 60-404. With no timely objection, the pretrial denial of the motion to suppress was not preserved for appeal.

*The giving of the jury instructions on aggravated endangering a child was error, but not clear error*.

Britt next argues the district court erred by giving the jury a broader instruction on the aggravated endangering a child charges than the offenses set forth in the State's complaint. The district court granted Britt a directed verdict of acquittal on two of the four counts of aggravated endangering a child. The State charged Britt with two remaining counts of aggravated endangering a child under K.S.A. 2012 Supp. 21-5601(b)(2), alleging he permitted his two sons to be in an "environment where the person knows or reasonably should know that any person is manufacturing or attempting to manufacture methamphetamine." For each of the two counts submitted to the jury, the district court instructed the jury it could convict Britt if it found "the defendant knew or reasonably should have known that any person was distributing, possessing with the intent to distribute, manufacturing, or attempting to manufacture any methamphetamine."

Britt argues the addition of broader conduct than was alleged in the State's complaint— distributing or possessing with the intent to distribute—renders the jury instructions legally and factually inappropriate. He acknowledges he did not object to the jury instructions before the district court; therefore, this court reviews for clear error. See *State v. Littlejohn*, 298 Kan. 632, 644, 316 P.3d 136 (2014) (if a party fails to object to an instruction at trial, the appellate court reviews the instruction for clear error). To determine whether an instruction rises to the level of clear error, "[r]eversibility is subject to unlimited review and is based on the entire record. It is the defendant's burden to establish clear error under K.S.A. 22-3414(3). [Citation omitted.]" *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014). The clear error determination must review the impact of the erroneous instruction in light of the entire record including the other instructions, counsel's arguments, and whether the evidence is overwhelming. *In re Care & Treatment of Thomas*, 301 Kan. 841, 849, 348 P.3d 576 (2013). "To establish clear error, 'the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016).

The State concedes the instruction was erroneous but argues it was not prejudicial. The State argues there was no evidence presented that Britt was distributing methamphetamine or possessed it with the intent to distribute. The State also points out both parties' closing arguments were limited to whether attempted manufacture of methamphetamine took place. The State argued: "Regarding the child endangerment, you heard that [Britt's sons] were in the residence, and at that time there was an attempt to manufacture methamphetamine going on. And that's why [he is] being charged with aggravated child endangerment." In response, Britt's counsel argued: "And because he had no intent to attempt to manufacture methamphetamine, he is also not guilty of aggravated endangerment of his [children]."

Britt argues the fact the jury hung on the charges of attempted manufacture and conspiracy to manufacture methamphetamine sufficiently undermine confidence in the outcome. However, he concedes the State introduced evidence he attempted to manufacture methamphetamine. Nevertheless, he argues "this Court cannot be confident that the jury only convicted [Britt] of knowing or that he should have known that any person was manufacturing or attempting to manufacture methamphetamine in his home." Britt fails to discuss how the evidence presented at trial fails to show he knew or should have known methamphetamine was being or attempting to be manufactured in his home even if he did not participate. At best, the point is incidentally raised but not argued. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

Further, Britt fails to convincingly demonstrate the evidence presented would have led the jury to convict him under the broader language of the jury instructions. He argues because the State presented evidence he manufactured methamphetamine twice in two days, there is a reasonable inference he distributed methamphetamine or possessed it with the intent to distribute. His assertion is entirely based on inference stacking and lacks support based on both parties' arguments at trial. As indicated earlier, in both closing arguments, the State's theory regarding the aggravated endangering a child charges was based on Britt permitting his sons to be in an environment where he knew or reasonably should have known attempted or actual manufacture of methamphetamine was taking place. As the party alleging clear error, Britt must firmly convince this court the overbroad instruction made a difference in the verdict. See *Cooper*, 303 Kan. at 771. We agree, giving the instruction was error since it was overbroad, but Britt failed to show prejudice or convince us the instruction as given and argued to the jury affected the outcome of the trial.

Affirmed.

10

\* \* \*

BUSER, J., dissenting: I dissent from my colleagues' finding that John Mark Britt did not preserve for appellate review his claim that the district court erred in overruling his motion to suppress. Under the unique circumstances of this case, I believe the majority has erred by concluding that "Britt offered no timely contemporaneous objection for purposes of K.S.A. 60-404. With no timely objection, the pretrial denial of the motion to suppress was not preserved for appeal." Slip op. at 8. A brief summary of the procedural history pertaining to this suppression issue is essential to an understanding of why our court should review Britt's complaint about the search warrant affidavit.

Prior to trial, on February 21, 2014, Britt filed a seven-page motion to suppress evidence seized from his home pursuant to the search warrant. In particular, the suppression motion first asserted that the magistrate judge issuing the search warrant was "deliberately misled" by the affiant failing to inform the judge that the confidential informant was on probation for a drug offense at the time he was working as an informant for law enforcement. Second, Britt complained that the magistrate judge "abandoned his neutral role in rubber stamping this warrant in that there is no indicia of reliability in the Affidavit. Not even the word 'reliable' is present in the Affidavit." Third, Britt noted the affidavit "so lacked specificity that no reasonable officer could believe there was [probable] cause for the Search Warrant." In summary, Britt claimed the affidavit did not state probable cause to establish a legal basis to issue the search warrant. Alternatively, Britt contended the good faith exception to the Fourth Amendment under the Constitution of the United States, as enunciated in *State v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984) was not applicable.

An evidentiary hearing was held on Britt's motion on March 18, 2014, before Judge Clint B. Peterson, who also presided at the later jury trial. Officers Nate Schumaker and James Burnett testified regarding their knowledge of the confidential

11

informant. During the hearing, the prosecutor informed the district court, "the state stipulates there's no indicia of reliability" contained in the affidavit. The district judge accepted the stipulation and clarified his understanding that "there is no indicia of reliability in the affidavit relating to the informant."

The district court ruled from the bench denying the motion to suppress. It found the affidavit contained sufficient probable cause to issue the search warrant, however, the district judge observed that "coupled with the fact that the confidential informant was on probation or bond, I think if that would have been shared with Judge Kemp that he would not have issued the warrant." Still, the district court found the failure to disclose this fact was an "innocent omission." Ultimately, the district judge held, "I am going to caution the officers to try to be more diligent in the future, to give the whole story when applying for a search warrant. However, I'm going to excuse it today on a good faith basis exception." A journal entry filed on May 5, 2014, memorialized this ruling.

The jury trial commenced on June 8, 2015. During the trial, Britt did not object to the admission of numerous items of incriminating evidence seized pursuant to the search warrant which were marked and admitted in evidence as State's exhibits. At the conclusion of the State's case-in-chief, however, Britt's defense counsel renewed his pretrial motion to suppress evidence. The district judge interrupted and stated that he thought the "statutory language requires that motion to be made prior to trial and in writing." Defense counsel (who replaced Britt's prior counsel who filed the written motion) responded, "It was made in writing, I think at one point, Your Honor. And then *based on some evidence that we've heard here at this course of the proceeding*, I wanted to raise that again." (Emphasis added.)

The prosecutor objected, noting the State had no written notice that Britt was going to renew his motion to suppress at trial. Additionally, the prosecutor stated, "We already had the argument on this. The motion to suppress was denied. The Court found

12

the warrant to be good. And so I believe the Court's already ruled on that. It's been heard and ruled on it. And so it should not be made during trial." In response, defense counsel pointed out that K.S.A. 22-3216 permitted the motion to be brought either prior to trial or during trial.

The district court reviewed its case file and determined that Britt had filed the motion to suppress but the court could not find the journal entry memorializing the court's ruling on the motion. The prosecutor assured the district court that it had denied the motion, "[o]therwise we wouldn't be here." The district judge concluded that "since we've already dealt with that issue, I'm going to obviously take [the prosecutor] at his word that that [has] already been addressed at the Court, so I'm going to decline to reconsider that, at this time." Upon defense counsel's stated concern that there was nothing in the court file to confirm the denial of the pretrial motion to suppress, the district judge stated, "Well, I will order a copy of the transcript and depending upon the outcome of trial, we'll have that before sentencing."

About five months after the trial, on November 9, 2015, the district court filed a journal entry summarizing the jury trial proceedings which noted the court had ordered the court reporter to prepare a transcript of the pretrial suppression hearing. According to the journal entry, "the Court denies the Defendant's *oral* motion to suppress all of the evidence that was collected pursuant to a search warrant in this case." (Emphasis added.)

Given this unique procedural history, I believe Britt deserves an opportunity for appellate review. First, it is apparent that Britt complied with K.S.A. 22-3216(3) by filing a pretrial motion to suppress. Second, Britt also followed the requirements of K.S.A. 22-3216(2) by making the motion in writing and stating that "facts showing wherein the search and seizure were unlawful." Third, the district court complied with the statutory requirement of this subsection by conducting a hearing and receiving "evidence on any issue of fact necessary to determine the motion." K.S.A. 22-3216(2). Fourth, Britt

renewed his pretrial motion to suppress *during trial* which is seemingly allowed by K.S.A. 22-3216(3) which provides that "the court in its discretion may entertain the motion at the trial."

Moreover, Kansas caselaw also supports the legal propriety of a defendant renewing a pretrial suppression motion during trial seeking the district court's reconsideration. In *State v. Kelly*, 295 Kan. 587, 590, 285 P.3d 1026 (2012), our Supreme Court explained:

> "This court has generally treated motions to suppress like other preliminary or in limine orders and held that an objection must also be made at trial in order to satisfy the requirements of K.S.A. 60-404, even though a pretrial ruling has been obtained.
>
>    . . . .
>
>    "We have also explained that a pretrial ruling is not sufficient because the 'materiality of the proposed evidence may not become actually apparent until other evidence has been admitted.' In other words, a pretrial objection by itself is not timely because *the evidence may be different from that submitted at the pretrial hearing or the evidence may be viewed differently by the judge in the context of all of the evidence and argument heard at trial*. [Citations omitted.]" (Emphasis added.)

As noted earlier, defense counsel asserted that his oral motion to suppress was "based on some evidence that we've heard here at this course of the proceeding." As a result, the conclusion of the State's case-in-chief was the appropriate time to seek reconsideration of the adverse pretrial ruling.

Fifth, the record shows the State never objected during the trial to the district court reconsidering the motion to suppress based on Britt's failure to contemporaneously object to the admission of individual State's exhibits offered at trial. Similarly, the district court never indicated any hesitancy in reconsidering the motion to suppress because of a perceived violation of the contemporaneous objection rule.

14

Finally—and perhaps most importantly—this is not a typical situation wherein a defendant makes a pretrial motion, does not renew it at trial and, as a result, the district court does not reconsider and rule on it again during trial. Here, based on the district court's November 9, 2015 journal entry, it is undisputed that the court did, in fact, reconsider Britt's pretrial motion to suppress made during the trial by, in part, reviewing the suppression hearing transcript and denying the oral motion. Accordingly, the district court's ruling during trial upholding the constitutionality of the search of Britt's residence is wholly appropriate for appellate review.

As my colleagues candidly acknowledge: "Kansas appellate courts have, on occasion, refused to strictly apply the contemporaneous objection rule in some contexts upon finding the underlying purpose for the rule has been satisfied." Slip op. at 6. I would contend, in the unique procedural context of this criminal case, that this appeal is one such occasion where strict application of the rule is inappropriate.

The purpose of the contemporaneous objection rule was enunciated in *State v. Hollingsworth*, 289 Kan. 1250, Syl. ¶ 4, 221 P.3d 1122) (2009): "The contemporaneous objection requirement of K.S.A. 60-404 gives the district court the opportunity to conduct the trial without using tainted evidence and thus avoid possible reversal and a new trial."

K.S.A. 60-404 provides:

> "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

In the present case, Britt adhered to the requirements of K.S.A. 22-3216 by timely objecting to the evidence prior to trial and specifying the Fourth Amendment grounds for

15

objection. Britt also renewed the motion during the trial after the State's case-in-chief was completed. As a result, the purpose of K.S.A. 60-404 was met in this case.

First, the district court had ample pretrial opportunity to avoid conducting the trial with tainted evidence. Second, the district court had occasion to revisit during the trial the search and seizure issue in light of additional trial evidence relevant to this constitutional question. This renewal of the motion during trial afforded the district court an occasion to modify or amend its pretrial ruling, potentially declaring a mistrial to avoid an unjust conviction, and thus avoiding a "possible reversal and a new trial." *Hollingsworth*, 289 Kan. 1250, Syl. ¶ 4.

It should also be pointed out that, unlike typical evidentiary objections made at trial (lack of foundation, hearsay, insufficient chain of custody) that demand a specific, contemporaneous objection in order that the trial court may rule upon the multitude of possible infirmities with the admission of each individual item of evidence, Britt's suppression issue was a purely constitutional one that applied to the totality of the incriminating State's exhibits. Britt's essential complaint was grounded in the United States Constitution, not in the Kansas rules of evidence. See *State v. White*, No. 109,953, 2014 WL 5312873, at *10 (Kan. App. 2014) (unpublished opinion) (Atcheson, J., concurring) ("But the rules of evidence do not bar or disallow evidence because it has been seized in violation of a criminal defendant's constitutional rights. The exclusionary rule does.")

Moreover, unlike evidentiary objections at trial, Britt's renewed oral motion to suppress was an overarching constitutional claim and, if sustained, undoubtedly would have prevented the prosecution from presenting sufficient evidence to convict Britt of any of the charges. As a result, the lack of contemporaneity would not have resulted in any danger of jury confusion by the district court's later withdrawal of the State's exhibits previously admitted as evidence at trial.

In conclusion, in the district court and on appeal, Britt has argued that the search warrant affidavit was insufficient because it did not establish the reliability of the information contained in the document. Prior to trial, the district court found based on the State's stipulation, "there is no indicia of reliability in the affidavit relating to the informant." Of note, our Supreme Court has stated the importance of establishing accuracy and reliability in search warrant affidavits where the information contained therein was provided by a confidential informant:

> "'When an affidavit for a search warrant is founded upon information from an unidentified informant, . . . [t]he probable cause determination . . . must be supported by some indication that the informant's information is accurate. Therefore, the veracity and basis of knowledge of the confidential informant must be considered as part of the substantial basis for finding probable cause.'" *State v. Hicks*, 282 Kan. 599, 615, 147 P.3d 1076 (2006) (quoting *State v. Shively*, 26 Kan. App. 2d 302, Syl. ¶ 4, 987 P.2d 1119 [1999]).

Britt has stated a colorable claim of constitutional error.

Because Britt complied with Kansas law relating to the filing of his pretrial motion to suppress and properly renewed this motion during the trial, which the trial court reconsidered and once again denied, I would find that the purpose of K.S.A. 60-404 was met and, as a result, Britt sufficiently preserved this search and seizure issue for appellate review. In short, I would give Britt his day in the Kansas Court of Appeals.

17